WEIR & PARTNERS LLP
By:   Steven E. Angstreich
        Carolyn C. Lindheim
        Amy R. Brandt
1339 Chestnut Street
Suite 500
Philadelphia, PA 19107
215-665-8181
215-665-8464 fax
sangstreich@weirpartners.com
clindheim@weirpartners.com
abrandt@weirpartners.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAKIA JACKSON | : | |
| 6067 North Wister Avenue | : | Civil Action No. |
| Philadelphia, PA 19138 | : | |
| | : | |
| SARITA B. CAVE | : | **COLLECTIVE ACTION AND** |
| 4838 Stenton Avenue | : | **CLASS ACTION COMPLAINT** |
| Philadelphia, PA 19144 | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| SHATIA JACKSON | : | |
| 10101 Northeast Avenue, Apt. F12 | : | |
| Philadelphia, PA 19116 | : | |
| | : | |
| TINA WILLIAMS | : | |
| 13541 Philmont Avenue | : | |
| Philadelphia, PA 19116 | : | |
| | : | |
| and | : | |
| | : | |
| LAWRENCE G. HARRIS | : | |
| 1880 N. 27th Street, Apartment A | : | |
| Philadelphia, PA   19121 | : | |
| | : | |
| Plaintiffs | : | |

|  |  |
|---|---|
| v. | : |
|  | : |
| SWEET HOME HEALTHCARE | : |
| LLC | : |
| 1001 Armstrong Lane | : |
| Phoenixville, PA 19460 | : |
|  | : |
| SWEET HOME PRIMARY CARE | : |
| LLC | : |
| 1001 Armstrong Lane | : |
| Phoenixville, PA 19460 | : |
|  | : |
| and | : |
|  | : |
| TEKIA EMERSON | : |
| 630 S. 54th Street | : |
| Philadelphia, PA 19143 | : |
|  | : |
| and | : |
|  | : |
| DARRYL EZELL | : |
| 630 S. 54th Street | : |
| Philadelphia, PA  19143 | : |
|  | : |
| Defendants | : |

Plaintiffs, Nakia Jackson, Sarita B. Cave, Shatia Jackson, Tina Williams, and Lawrence G. Harris, bring this Collective Action and Class Action lawsuit against Defendants, Sweet Home Healthcare LLC, Sweet Home Primary Care LLC, Tekia Emerson, and Darryl Ezell, seeking relief under and pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 Pa. St. Ann. §333.10, *et seq.*

## NATURE OF THE ACTION

1.     Plaintiffs bring this Complaint against Defendants alleging that they failed to pay Plaintiffs and other similarly situated workers overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa.C.S.A. §333.104, *et seq.*  Specifically, Plaintiffs contend that Defendants failed to pay them compensation at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, misclassified certain Plaintiffs as independent contractors, and otherwise violated these labor laws.

2.     Plaintiffs bring this action as a representative action under the FLSA ("Collective Action") and PMWA ("Class Action") for monetary damages and penalties to seek redress for Defendants' unlawful and improper conduct on their own behalf and on behalf of those similarly situated ("Class Members").

## PARTIES

3.     Plaintiff, Nakia Jackson ("N. Jackson"), is a citizen of the Commonwealth of Pennsylvania residing at 6067 North Wister Street, Philadelphia, Pennsylvania 19138.

4.     Plaintiff, Sarita B. Cave ("Cave"), is a citizen of the Commonwealth of Pennsylvania residing at 4838 Stenton Avenue, Philadelphia, Pennsylvania 19144.

5.     Plaintiff, Shatia Jackson ("S. Jackson"), is a citizen of the Commonwealth of Pennsylvania residing at 10101 Northeast Avenue, Apt. F12, Philadelphia, Pennsylvania 19116.

6.     Plaintiff, Tina Williams ("Williams"), is citizen of the Commonwealth of Pennsylvania residing at 13451 Philmont Avenue, Philadelphia, Pennsylvania 19116.

7.     Plaintiff, Lawrence G. Harris ("Harris"), is citizen of the Commonwealth of Pennsylvania residing at 1880 N. 27th Street, Apartment A, Philadelphia, Pennsylvania.

8.     Defendant, Sweet Home Healthcare LLC ("Sweet Home Healthcare"), is a Pennsylvania limited liability company, with a principal place of business at 1001 Armstrong Lane, Phoenixville, Pennsylvania 19460.  Defendant Sweet Home Healthcare additionally has locations at 426 E. Allegheny Avenue, Unit 1W, Philadelphia, Pennsylvania 19134 and 329 Penn Avenue, Scranton, Pennsylvania 18503.  Sweet Home Healthcare is licensed by the Pennsylvania Department of Health as a Home Health Care agency.

9.     Defendant, Sweet Home Primary Care LLC ("Sweet Home Primary"), is Pennsylvania limited liability company, with a principal place of business located at 1001 Armstrong Lane, Phoenixville, Pennsylvania 19460, and a location at 426 E. Allegheny Avenue, Unit 1W, Philadelphia, Pennsylvania 19134.  Sweet Home

Primary is licensed by the Pennsylvania Department of Health as a Home Care Agency.

10.    Defendants, Sweet Home Healthcare and Sweet Home Primary, are collectively referred to as "Sweet Home Defendants".

11.    Defendant, Tekia Emerson ("Emerson"), is a citizen and resident of the Commonwealth of Pennsylvania residing at 630 S. 54th Street, Philadelphia, Pennsylvania 19143, is a registered nurse and is the sole principal and CEO of both Sweet Home Healthcare and Sweet Home Primary.

12.    Defendant, Darryl Ezell ("Ezell"), is a citizen and resident of the Commonwealth of Pennsylvania residing at 630 S. 54th Street, Philadelphia, Pennsylvania 19143.  Upon information and belief, Ezell is the spouse of Emerson and is involved in and/or controls the employment and supervision of the Sweet Home Defendants' workers and their assignments, and is involved in and/or controls the Sweet Home Defendants' payroll policies and practices.

13.    Each of the Defendants are private employers covered by the FLSA and PMWA.  29 U.S.C. §203(d); 43 Pa.C.S. §333.103(g).

## JURISDICTION

14.    This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides, in relevant part, that suit under the FLSA "may be

maintained against any employer in any Federal or State court of competent jurisdiction." 29 U.SC. §216(b).

15.     This Court also had federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

16.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative facts as Plaintiffs' FLSA claims.

17.     Venue in this District is proper pursuant to 28 U.S.C. §1391(b), as the parties reside in this district, do business herein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## FACTS PERTAINING TO DEFENDANTS' COMMON BUSINESS PRACTICES

18.     Defendant, Sweet Home Healthcare, was established in May 2012 for the purpose of providing home health care services.

19.     Upon information and belief, Defendant, Sweet Home Primary, is an alter ego of Sweet Home Healthcare.   Upon further information and belief, Defendants ignore the corporate formalities of these entities, co-mingle their funds, and act for all intents and purposes *vis-à-vis* their employment policies and practices as if they were the same or interchangeable entities.

20.     The Sweet Home Defendants directly employ home health aides ("Home Health Aides") and direct care workers ("Direct Care Workers") to provide

home care support and services to elderly and disabled clients such as medical assistance, companionship services, homemaking services and other home care services inside the clients' household.

21.     The Sweet Home Defendants directly employ and pay hourly wages to the Home Health Aides and Direct Care Workers.

22.     The Sweet Home Defendants are Medicare certified agencies.   A Medicare certification means that the agency has met federal minimum requirements for patient care and therefore Medicare and/or Medicaid will pay for covered home health services.

23.     A Home Health Care agency provides a Home Health Aides to patients who need skilled nursing home care services.  The Home Health Aides are monitored by a registered nurse on a frequent basis and are required to have 75 hours of training prior to being assigned.

24.     A Home Care Agency provides a Direct Care Worker to provide home care services, but is only required to have 40 hours of training prior to assignment.

25.     Both the Home Health Aides and Direct Care Workers are, pursuant to the relevant labor laws definitions, "employees" of the Sweet Home Defendants.

26.     The Sweet Home Defendants are required to be licensed and meet regulatory requirements; including, among other things, maintaining liability

insurance, providing benefits and paying taxes for the Home Health Aides and Direct Care Workers.

27.     Plaintiffs and the Class Members are Home Health Aides and Direct Care Workers dispatched by Defendants to provide care to the Sweet Home Defendants' clients within the clients' home.

28.     Plaintiffs and the Class Members are employed by the Sweet Home Defendants and do not have any direct or indirect employment relationship with the Defendants' clients.

29.     Plaintiffs and the Class Members frequently work in excess of 40 hours per workweek and, upon information and belief, have worked thousands of overtime hours since May 2012.

30.     At all times since May 2012, Defendants have uniformly refused to pay Plaintiffs and the Class Members the time and one half overtime premium for hours worked over 40 hours in a workweek.  Instead, Defendants paid and continue to pay Class Members their straight hourly wage for all hours worked, including overtime work.

31.     Defendants' failure to pay Plaintiffs and the Class Members the time and one half overtime premium for hours worked in excess of 40 hours in a workweek has resulted in Plaintiffs and the Class Members being significantly underpaid.

## FACTS PERTAINING TO INDIVIDUAL PLAINTIFFS

32.    Plaintiff, Cave, became employed by the Sweet Home Defendants on March 25, 2015.

(a)    From approximately March 25, 2015 to December 2015, she provided services to the Sweet Home Defendants' clients in the clients' households.

(b)    Plaintiff Cave was paid an hourly wage of $13.00 per hour.

(c)    She regularly worked over 40 hours per workweek.  For example, as indicated by the paystub attached as Exhibit "A", she was credited with working 50.75 hours during the one week period of March 30, 2015 and April 5, 2015, but was only paid the sum of $659.75 ($13.00 multiplied by 50.75 hours).

(d)    Throughout her employment with the Sweet Home Defendants, Plaintiff Cave never received the time and one half overtime premium for hours worked over a 40 hour workweek.  Instead, she only received her straight hourly wage of $13.00 for overtime work.

33.    Plaintiff N. Jackson became employed by the Sweet Home Defendants on September 10, 2015.

(a)     From approximately September 10, 2015 to December 2015, she provided services to the Sweet Home Defendants' clients in the clients' households.

(b)     Plaintiff N. Jackson was paid an hourly wage of $13.00 per hour.

(c)     She regularly worked over 40 hours per workweek. For example, as indicated by the paystub attached as Exhibit "B", she was credited with working 82 hours during the one week period of September 28, 2015 and October 4, 2015, but was only paid the sum of $1,056 ($13.00 multiplied by 82 hours).

(d)     Throughout her employment with the Sweet Home Defendants, Plaintiff N. Jackson never received the time and one half overtime premium for hours worked over a 40 hour workweek. Instead, she only received her straight hourly wage of $13.00 for overtime work.

34.     Plaintiff S. Jackson became employed by the Sweet Home Defendants on October 15, 2014.

(a)     From approximately October 15, 2014 to approximately December 2015, she provided services to the Sweet Home Defendants' clients in the clients' households.

(b)     Plaintiff S. Jackson was paid an hourly wage of $13.00 per hour.

(c)     She regularly worked over 40 hours per workweek. For example, as indicated by the paystub attached as Exhibit "C", she was credited with working 84 hours during the one week period of January 4, 2016 and January 10, 2016 but was only paid the sum of $1,092 ($13.00 multiplied by 84 hours).

(d)     Throughout her employment with the Sweet Home Defendants, Plaintiff S. Jackson never received the time and one half overtime premium for hours worked over a 40 hour workweek. Instead, she only received her straight hourly wage of $13.00 for overtime work.

35.     Plaintiff Harris became employed by the Sweet Home Defendants in the fall of 2014.

(a)     In that capacity, he provided services to the Sweet Home Defendants' clients in the clients' households.

(b)     Plaintiff Harris was paid an hourly wage of $12.00 per hour.

(c)     He regularly worked over 40 hours per workweek. For example, as indicated by the paystub attached as Exhibit "D", he was credited with working 83.50 hours during the one week period of May 22, 2015 and May 28, 2015 but was only paid the sum of $1,002.00 ($12.00 multiplied by 83.50 hours).

(d)     Throughout his employment with the Sweet Home Defendants, Plaintiff Harris never received the time and one half overtime premium for

hours worked over a 40 hour workweek.  Instead, he only received his straight hourly wage of $12.00 for overtime work.

36.     Plaintiffs Cave, N. Jackson, S. Jackson and Harris were all W-2 employees of Defendants and seek to represent themselves and a class of other employees similarly situated (the "W-2 Class.")

37.     Plaintiff Williams became employed by the Sweet Home Defendants on October 15, 2014.  Upon her employment, she filled out a W-4 form as requested by Defendants and understood she would be an employee of the Sweet Home Defendants.

    (a)     From approximately October 15, 2014 to December 2015, she provided services to the Sweet Home Defendants' clients in the clients' household.

    (b)     Plaintiff Williams was paid an hourly wage of $13.00 per hour.

    (c)     She regularly worked over 40 hours per workweek.  For example, as indicated by the paystub attached as Exhibit "E", she was credited with working 101 hours during the one week period of December 21, 2015 and December 27, 2015, but was only paid the sum of $1,313.00 ($13.00 multiplied by 101 hours).

    (d)     Throughout her employment with the Sweet Home Defendants, Plaintiff Williams never received the time and one half overtime premium for

hours worked over a 40 hour workweek. Instead, Williams only received her straight hourly wage of $13.00 for overtime work.

38.    Plaintiff Williams and several other persons hired by Defendants are and were paid by Defendants as if they were 1099 contractors rather than W-2 employees, however, that classification by Defendants is not dispositive of the true nature of their employment. Instead, Plaintiff Williams and the other 1099 workers were and are in fact employees under the applicable law and eligible for overtime under both the FLSA and PMWA. Plaintiff Williams seeks to represent herself and a class of those 1099 workers similarly situated (the "1099 Class").

39.    Both the W-2 Class and 1099 Class will be referred to collectively as the "Class" or "Class Members".

## COUNT I – COLLECTIVE ACTION UNDER THE FLSA

40.    Plaintiffs incorporate the preceding paragraphs as if same were set forth in full herein.

41.    Plaintiffs believe there are hundreds of other workers similarly situated who are either presently working or worked for Defendants and were unlawfully denied overtime compensation. The precise number of workers can be easily identified and located by an examination of Defendants' payroll and personnel records. The Class Members of each Class may be informed of the pendency of this Collective Action by direct mail and/or publication.

42.     This Collective Action is brought on behalf of all individuals employed by Defendants as Home Health Aides and Direct Care Workers in Pennsylvania who, during any workweek, beginning May 22, 2012 through to the present, worked in excess of 40 hours and did not receive overtime pay of one and one-half of their regular wage rate for each and every hour or portion thereof.  Such individuals are referred to herein as "the Class" or the "Class Members".

43.     Plaintiffs and the Class Members had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices and operating procedures.

44.     Home Health Aides and Direct Care Workers such as Plaintiffs and the Class Members are afforded the protections of the Fair Labor Standards Act ("FLSA"), including the enforcement of wage and overtime protection, specifically its overtime provision 29 U.S.C. §207(a)(1).

45.     Home Health Aides and Direct Care Workers are afforded the protections of the FLSA if they are employees as defined by the FLSA to be any worker directed by the employer.  29 U.S.C. §203(e).  The factors to be considered in determining whether an individual is an employee include:

(a)     The extent to which the work performed is an integral part of the employer's business;

(b)    Whether the worker's managerial skills affect his or her opportunity for profit and loss;

(c)    The relative investments in facilities and equipment by the worker and the employers;

(d)    The worker's skill and initiative;

(e)    The permanency of the worker's relationship with the employer;

(f)    The nature and degree of control by the employer, i.e. who set pay amounts and work hours, who determines how the work is performed, whether the worker is free to work for others and hire his own helpers.

46.    Plaintiffs, the W-2 Class, and the 1099 Class are all employees entitled to the protection of the FLSA.

47.    Pursuant to 29 U.S.C. §216(b), this action is properly maintained as a Collective Action because Plaintiffs and the Class Members are similarly situated. They have been similarly denied overtime compensation at their regular rate of pay as a result of Defendants' policies and practices of failing to pay Plaintiffs and the Class Members overtime compensation at 1.5 times their regular rate of pay for each hour (or part thereof) worked over forty (40) hours in any workweek.

48.    Pursuant to Section 207(a)(1) of the FLSA,  an employee must be paid overtime at time and one-half of his/her regular rate of pay for all hours (or parts thereof) worked in excess of 40 hours per week.

49.     Plaintiffs and the Class Members were also similarly affected by Defendants' unlawful policies and practice of failing to maintain proper payroll records.  29 U.S.C. §211(c).  Upon information and belief, Defendants failed to create or maintain accurate records of the time Plaintiffs and the Class Members worked.

50.     Plaintiff Williams and the 1099 Class are similarly affected by Defendants' unlawful policy and practice of misclassifying them as independent contractors.

51.     Defendants willfully engaged in a widespread pattern and practice of violating the FLSA by failing and refusing to pay all employees the overtime wage compensation required by law, by misclassifying some employees as independent contractors, and by failing to maintain proper payroll records.

52.     Plaintiffs and the Class Members are not subject to any exemption.

53.     Plaintiffs will request this Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking overtime compensation and damages under the FLSA.

54.     As a result of Defendants' unlawful actions, they are liable to Plaintiffs and the Class Members for actual damages, liquidated damages and equitable relief,

pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

WHEREFORE, Plaintiffs, individually and on behalf of the Class Members, request that this Honorable Court:

(a)    Certify a collective action under Count I and designate Plaintiffs Cave, N. Jackson, S. Jackson and Harris as class representatives of the W-2 Class and Plaintiff Williams as class representative of the 1099 Class;

(b)    Award unpaid overtime wages and penalties to the fullest extent permitted by law;

(c)    Award prejudgment interest to the fullest extent permitted by law;

(d)    Award litigation costs, expenses and attorneys' fees; and

(e)    Grant such other relief as this Court deems just and proper.

## COUNT II – VIOLATION OF THE PMWA - CLASS ACTION

55.    Plaintiffs incorporate the above paragraphs as if same were set forth in full herein.

56.    This action challenges Defendants' common business practice of failing to pay the time and one half overtime premium due to Plaintiffs and the Class Members under the PMWA.

57.    Plaintiffs bring this action individually, and on behalf of the following state-wide sub-Classes of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals presently or formerly employed by Defendants in the position of Home Health Aide or Direct Care Worker at any time in the last three (3) years who were denied overtime compensation at 1.5 times the regular rate of pay for all hours worked over forty in a workweek. The Class consists of two subclasses, to wit: (1) those who were classified as W-2 employees (the "W-2 Class") and (2) those who were misclassified as 1099 workers (the "1099 Class") (collectively referred to as "Class Members").

58.    The Class is so numerous that joinder of all individual members is impracticable.

59.    Members of each sub-Class are easily identified from Defendants' payroll and personnel records.

60.    Defendants' conduct with respect to Plaintiffs and each sub-Class raises question of law or fact that are common to each sub-Class. In particular, during the relevant class period, Defendants maintained the common, company-wide practice of failing to pay the time and one half overtime premium to Plaintiffs and the members of each sub-Class. The facts and evidence pertaining to these companywide practices are common to each sub-Class.

61.    Plaintiffs' claims and defenses are typical of the claims or defenses of each sub-Class because, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Plaintiffs' assertion that under the PMWA they are

entitled to overtime premium pay is sufficiently aligned with the interests of the each sub-Class member as a whole so that pursuit of Plaintiffs' own interest will benefit each sub-Class as a whole.

62.     Plaintiffs will fairly and adequately assert and protect the interests of each sub-Class because, inter alia:

(a)     Plaintiffs are represented by experienced counsel who have successfully litigated many class action lawsuits arising under state and federal law and is well-prepared to vigorously and competently litigate this action on behalf of each sub-Class;

(b)     Plaintiffs and their counsel are free of any conflicts of interest that prevent them from pursing this action on behalf of each sub-Class; and

(c)     Plaintiffs and their counsel have adequate financial resources to assure that the interests of the sub-Class will not be harmed.

63.     A Class Action provides fair and efficient method for adjudication of the controversy because, inter alia:

(a)     common questions of law and fact predominate over any questions affecting Plaintiffs or any individual Class Member;

(b)     all Class Members are easily identifiable through Defendants' payroll and personnel records and computer files and no foreseeable difficulties in the management of this action as a class action exist;

(c)     the monetary damages sought on behalf of the class are readily calculated and attributable to each Class member;

(d)     maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout the Commonwealth of Pennsylvania;

(e)     Plaintiffs are not aware of any other private civil actions commenced by or against the members of each Class concerning the issues raised in this action;

(f)     Because Defendants conduct a substantial amount of business in Pennsylvania this Court is an appropriate forum for the litigation of the claims of each Class; and

(g)     the complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification.

64.     In the instant action, Plaintiffs will seek and present evidence concerning Defendants' common timekeeping, compensation and payroll practices.

65.     The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant and unjustifiably expensive.

66.     The class action device, when compared to multiple proceedings presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

67.     Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency.

68.     Thus, the conduct of this action as a state-wide class action conserves the resources of the parties and the court system, protects the rights of each Class Member, and meets all due process requirements as to fairness to Defendants.

69.     Adequate notice of this class action can be provided to the Class Members by direct mail to the Class Members.

70.     Because the damages sustained by individual Class Members are relatively small compared to the resources of Defendants and the costs of individual litigation, it is impracticable and unrealistic for individual Class Members to independently pursue litigation against Defendants in order to vindicate their individual rights.

71.     The Pennsylvania Minimum Wage Act ("PMWA") requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  43 P.S. §333.104(c).

72.     Defendants are employers covered by the overtime pay mandates of the PMWA and Plaintiffs and the Class Members are employees entitled to the PMWA's protections.

73.     While the PMWA contains certain exemptions from overtime and minimum wage requirements, none of these exemptions apply to Plaintiffs and the Class Members.

74.     Defendants engaged in a widespread pattern and practice of violating the PMWA by misclassifying Plaintiffs and the 1099 Class members as independent contractors.

75.     Defendants engaged in a widespread pattern and practice of violating the PMWA by failing to pay all Class Members the legally mandated overtime premium for hours worked over 40 during the workweek.

76.     Upon information and belief, Defendants additionally failed to maintain accurate records of the time Plaintiffs and the Class Members worked.

77.     As a result of Defendants' unlawful acts, they are liable to Plaintiffs and the Class Members for actual damages, liquidated damages and reasonable attorneys' fees, costs and expenses.

WHEREFORE, Plaintiffs, individually and on behalf of the Class (and each sub-Class), request that this Honorable Court:

(a)     Certify a class action under Count II and designate Plaintiffs Cave, N. Jackson, S. Jackson, and Harris as representatives of the W-2 Class and Plaintiff Williams as class representative of the 1099 Class;

(b)     Award unpaid overtime wages and penalties to the fullest extent permitted by law;

(c)     Award prejudgment interest to the fullest extent permitted by law;

(d)     Award litigation costs, expenses and attorneys' fees; and

(e)     Grant such other relief as this Court deems just and proper.


WEIR & PARTNERS LLP

By: _____
        Steven E. Angstreich
        Carolyn C. Lindheim
        Amy R. Brandt
        Attorneys for Plaintiffs

Dated: 5|13|16

# EXHIBIT "A"

# Sarita B. Cave

# Sweet Home Healthcare

1020 B Old Valley Forge Rd  King of Prussa, PA 19406

| | | | | Code | Accrued | Used | Balance | |
|---|---|---|---|---|---|---|---|---|
| **Check Date** | 4/10/2015 | Company # | 7147867 | | | | | |
| Period Begin | 3/30/2015 | Check Number | 57926 | | | | | |
| Period End | 4/5/2015 | Emp Number | 401 | | | | | |
| Hire Date | 3/25/2015 | **Net Pay** | -524.41 | | | | | |

## Earnings

| Description | Location | Rate | Hr/Unit | Current | Year To Date |
|---|---|---|---|---|---|
| Regular | King Of Prussa | 13.00 | 50.75 | 659.75 | 1251.25 |

## Deductions

| Description | Current | Year To Date |
|---|---|---|
| Federal (659.75) (S/4) | 37.30 | 64.37 |
| Soc Sec (659.75) | 40.90 | 77.57 |
| Medicare (659.75) | 9.57 | 18.15 |
| PA State (659.75) | 20.25 | 38.41 |
| PA SUI (659.75) | 0.46 | 0.87 |
| Philadelphia (659.75) | 25.86 | 49.05 |
| Upper Merion, Township of | 1.00 | 2.00 |

| Total Earnings | 50.75 | 659.75 | 1251.25 | Total Deductions | 135 . |
|---|---|---|---|---|---|
| Total Direct Deposits | | | | Check Amount | |

# EXHIBIT "B"

**Nakia  Jackson**

**Sweet Home Healthcare**

426 E Allegheny Ave Unit 1W Philadelphia, PA 19134

| | | | | Code | Accrued | Used | | Balance | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Check Date | 10/14/2015 | Company # | 7147867 | | | | | | | |
| Period Begin | 09/28/2015 | Check # | 167469 | | | | | | | |
| Period End | 10/04/2015 | Emp # | 891 | | | | | | | |
| Hire Date | 09/10/2015 | Net Pay | 811.04 | | | | | | | |

## Earnings

| Description | Location | Rate | Hr/Unit | Current | | Year To Date |
|---|---|---|---|---|---|---|
| Regular | Philadalphia P | 13.00 | 82.00 | 1,066.00 | . | 2,578.00 |

## Deductions

| Description | Current | Year To Date |
|---|---|---|
| Federal (1066.00) (S/4) | 98.24 | 175.66 |
| Soc Sec (1066.00) | 66.09 | 159.83 |
| Medicare (1066.00) | 15.46 | 37.38 |
| PA State (1066.00) | 32.73 | 79.14 |
| PA SUI (1066.00) | 0.75 | 1.80 |
| Philadelphia (1066.00) | 41.69 | 100.81 |
| Checking 1 (****0671) | 811.04 | 811.04 |

| | 82.00 | 1,066.00 | 2,578.00 | | | |
|---|---|---|---|---|---|---|
| Total Earnings | 82.00 | 1,066.00 | 2,578.00 | Total Deductions | 1,066.00 | 1,365.66 |
| Total Direct Deposits (1) | | 811.04 | 811.04 | Check Amount | 0.00 | 1,212.34 |

# EXHIBIT "C"

**SHATIA JACKSON**

**Sweet Home Healthcare**

| | | |
|---|---|---|
| Check Date  01/15/2016 | Company # | 7147887 |
| Period Begin  01/04/2016 | Check # | 190436 |
| Period End  01/10/2016 | Emp # | 109 |
| Hire Date  10/15/2014 | Net Pay | 1,092.00 |

| Code | Accrued | Used | Balance |
|---|---|---|---|
| | | | |

426 E Allegheny Ave Unit 1W Philadelphia, PA 19134

### Earnings

| Description | Location | Rate | Hr/Unit | Current | Year To Date |
|---|---|---|---|---|---|
| 1099 | Philadelphia P | 13.00 | 84.00 | 1,092.00 | 1,092.00 |

### Deductions

| Description | Current | Year To Date |
|---|---|---|
| Checking 3 (****1759) | 1,092.00 | 1,092.00 |

| | | | | | |
|---|---|---|---|---|---|
| Total Earnings | | 84.00 | 1,092.00 | 1,092.00 | Total Deductions | 1,092.00 | 1,092.00 |
| Total Direct Deposits (1) | | | 1,092.00 | 1,092.00 | Check Amount | 0.00 | 0.00 |

—— REMOVE DOCUMENT ALONG THIS PERFORATION ——

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND BURGUNDY ARE PRESENT.

**Sweet Home Healthcare**
426 E Allegheny Ave Unit 1W
Philadelphia, PA 19134

**VOUCHER 190436**

11-24
1210(8)

January 15, 2016

PAY TO THE ORDER OF   * * * **SHATIA JACKSON** * * *

* * * Zero Dollars and Zero Cents * * *

* * $0.00 * *

**NON - NEGOTIABLE**

# EXHIBIT "D"

**Harris, Lawrence G. 570**
**Check Date: 05/22/2015 - 1**
Check Type: REGULAR
Check Num: 62574
Rate: 12.00
Salary: 0.00
Frequency: Weekly
Check Amt: 696.06
Dir Dep(s):
Net Pay: 696.06

| Earning | Rate | Hrs/Units | Amt | YTD Hrs | YTD Amt | Deduction | Amt | YTD | Tax | Wages | Amt | YTD Wage | YTD Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E02 Regular | 12.00 | 83.50 | 1,002.00 | 456.50 | 5,478.00 | | | | Federal | 1,002.00 | 158.55 | 5,478.00 | 690.47 |
| | | | | | | | | | Soc Sec | 1,002.00 | 62.12 | 5,478.00 | 339.64 |
| | | | | | | | | | Medicare | 1,002.00 | 14.53 | 5,478.00 | 79.43 |
| | | | | | | | | | PA State | 1,002.00 | 30.76 | 5,478.00 | 168.19 |
| | | | | | | | | | PA SUI | 1,002.00 | 0.70 | 5,478.00 | 3.84 |
| | | | | | | | | | PA Philadelphia | 1,002.00 | 39.28 | 5,478.00 | 214.20 |
| | | | | | | | | | EE Totals: | | 305.94 | | 1,495.77 |
| | | | | | | | | | ER Soc Sec | 1,002.00 | 62.12 | 5,478.00 | 339.64 |
| | | | | | | | | | ER Medicare | 1,002.00 | 14.53 | 5,478.00 | 79.43 |
| | | | | | | | | | ER FUTA | 1,002.00 | 6.01 | 5,478.00 | 32.87 |
| | | | | | | | | | PA ER SUI | 1,002.00 | 37.10 | 5,478.00 | 202.85 |
| | | | | | | | | | ER Totals: | | 119.76 | | 654.79 |
| **Check Totals:** | | 83.50 | 1,002.00 | 456.50 | 5,478.00 | | | | | | 425.70 | | 2,150.56 |

**Harris, Lawrence G. 570**
**Check Date: 05/29/2015 - 1**
Check Type: REGULAR
Check Num: 134123
Rate: 12.00
Salary: 0.00
Frequency: Weekly
Check Amt: 0.00
Dir Dep(s): 369.76
Net Pay: 369.76

| Earning | Rate | Hrs/Units | Amt | YTD Hrs | YTD Amt | Deduction | Amt | YTD | Tax | Wages | Amt | YTD Wage | YTD Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E02 Regular | 12.00 | 42.00 | 504.00 | 456.50 | 5,478.00 | | | | Federal | 504.00 | 60.10 | 5,478.00 | 690.47 |
| | | | | | | | | | Soc Sec | 504.00 | 31.25 | 5,478.00 | 339.64 |
| | | | | | | | | | Medicare | 504.00 | 7.31 | 5,478.00 | 79.43 |
| | | | | | | | | | PA State | 504.00 | 15.47 | 5,478.00 | 168.19 |
| | | | | | | | | | PA SUI | 504.00 | 0.35 | 5,478.00 | 3.84 |
| | | | | | | | | | PA Philadelphia | 504.00 | 19.76 | 5,478.00 | 214.20 |
| | | | | | | | | | EE Totals: | | 134.24 | | 1,495.77 |
| | | | | | | | | | ER Soc Sec | 504.00 | 31.25 | 5,478.00 | 339.64 |
| | | | | | | | | | ER Medicare | 504.00 | 7.31 | 5,478.00 | 79.43 |
| | | | | | | | | | ER FUTA | 504.00 | 3.03 | 5,478.00 | 32.87 |
| | | | | | | | | | PA ER SUI | 504.00 | 18.67 | 5,478.00 | 202.85 |
| | | | | | | | | | ER Totals: | | 60.26 | | 654.79 |
| **Check Totals:** | | 42.00 | 504.00 | 456.50 | 5,478.00 | | | | | | 194.50 | | 2,150.56 |

©2009 Wells Fargo Bank, N.A. All rights reserved.

Print Date: 4/8/2016 2:36:43 PM

# EXHIBIT "E"

TINA  WILLIAMS                                    Sweet Home Healthcare

426 E Allegheny Ave Unit 1W Philadelphia, PA 19134

| | | | | | Code | Accrued | Used | Balance | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Check Date | 12/31/2015 | Company # | | 7147867 | | | | | | |
| Period Begin | 12/21/2015 | Check # | | 187305 | | | | | | |
| Period End | 12/27/2015 | Emp # | | 108 | | | | | | |
| Hire Date | 10/15/2014 | Net Pay | | 1,313.00 | | | | | | |

| Earnings | | | | | | Deductions | | |
|---|---|---|---|---|---|---|---|---|
| Description | Location | Rate | Hr/Unit | Current | Year To Date | Description | Current | Year To Date |
| 1099 | Philadelphia P | 13.00 | 101.00 | 1,313.00 | 19,262.30 | Checking 2 (****9586) | 1,313.00 | 9,750.00 |
| | | | | | | Checking 1 (****7822) | 0.00 | 7,100.80 |

| | | Total Earnings | 101.00 | 1,313.00 | 19,262.30 | Total Deductions | 1,313.00 | 16,850.80 |
|---|---|---|---|---|---|---|---|---|
| | | Total Direct Deposits (1) | | 1,313.00 | 16,850.80 | Check Amount | 0.00 | 2,411.50 |

◄————————————— REMOVE DOCUMENT ALONG THIS PERFORATION —————————————►

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND BURGUNDY ARE PRESENT.

**VOUCHER 187305**

**Sweet Home Healthcare**
426 E Allegheny Ave Unit 1W
Philadelphia, PA 19134

11-24
———
1210(8)

December 31, 2015

PAY TO THE ORDER OF    * * * TINA  WILLIAMS * * *

* * * Zero Dollars and Zero Cents * * *                    * * $0.00 * *

**NON - NEGOTIABLE**