IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA WILLIAMS, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SWEET HOME | : | |
| HEALTHCARE, LLC, et al., | : | No. 16-2353 |
| Defendants. | : | |

MEMORANDUM

**Schiller, J.**                                                                                 **June 26th, 2017**

Sweet Home Healthcare and Sweet Home Primary Care employed Plaintiffs as health care workers. Plaintiffs filed this lawsuit on behalf of themselves and other home health care workers employed by Sweet Home, alleging Defendants failed to pay overtime. Before the Court is Defendants' motion to compel answers to interrogatories and requests for production of documents. After thoroughly examining each of the disputed requests, the Court will grant the motion in part and deny it in part.

I.   BACKGROUND

Plaintiffs are direct care workers and home health aides employed by Defendants. (Pls.' Mem. Law Opp'n Defs.' Mot. Compel [hereinafter Pls.' Resp.] 1.) Plaintiffs allege that Defendants did not properly pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). (*Id.*) The parties dispute whether Defendants should have classified Plaintiffs as employees or as independent contractors. (Mem. Law Supp. Defs.' Mot. Compel [hereinafter Defs.' Mot. Compel] 2–3.)

Defendants were originally represented by Bochetto & Lentz, but obtained new counsel on April 14, 2017. (Entry of Appearance, ECF No. 32.) Defendants' new counsel served identical requests for documents on each named plaintiff on the same day. (Defs.' Mot. Compel 3.) On April 18, 2017, Defendants served identical interrogatories on each named plaintiff. (*Id.*) Plaintiffs responded with similar objections to the document requests and interrogatories on May 17 and May 18, respectively. (*Id.*) Fact discovery closes on July 17, 2017. (Ct.'s Order, ECF No. 40.)

After Plaintiffs' allegedly insufficient answers, Defendants filed a motion to compel on May 26, 2017. Among Defendants' discovery requests, Defendants' Interrogatories, No. 4, asks Plaintiffs to disclose their damage calculation. (Defs.' Mot. Compel Ex. 3, ¶ 4.) In response, Plaintiffs state the damages "can be summarized as the failure to pay them the time and one-half owed to them for hours worked over forty in a work week." (*Id.*) Plaintiffs also provided Defendants with a spreadsheet created from personnel records disclosed by Defendants to Plaintiffs. As a supplement to the spreadsheet, Plaintiffs submitted a declaration by Amy R. Brandt, counsel for Plaintiffs, cataloging how she created the spreadsheet. (Defs.' Mot. Recons. Protective Order Ex. 1.) In response, Defendants noticed Brandt for a deposition, referring to paragraphs 6, 7, and 19 of her declaration and purportedly treating Brandt as a damages expert. (Pls.' Mot. Protective Order Ex. 1.) Plaintiffs subsequently filed a motion for a protective order to quash the notice of deposition. The Court entered the protective order on June 7, 2017, and Defendants' moved the Court to reconsider on June 13, 2017.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 governs the discovery process. This process allows the parties to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case.'" *United States ex rel. Bergman v. Abbott Labs.*, Civ. A. No. 09-4264, 2016 U.S. Dist. LEXIS 106065, at *7–8 (E.D. Pa. Aug. 11, 2016) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)). The scope of discovery is broad, but it is not unlimited. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

"[W]here a party receives evasive or incomplete answers to a discovery request, they are permitted to bring a motion to compel disclosure" under Federal Rule of Civil Procedure 37. *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2006 U.S. Dist. LEXIS 34129, at *6 (E.D. Pa. May 26, 2006). "The party resisting disclosure bears the burden of persuasion." *Id.* Objections must "specifically" show how the request is not relevant, or is overly broad, burdensome, or oppressive. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (quotation marks omitted).

## III. DISCUSSION

### A. Plaintiffs' Objections

Plaintiffs object to Defendants' discovery requests for several reasons. First, Plaintiffs challenge many requests as "irrelevant." Second, Plaintiffs object to certain requests because the information is in the possession of Defendants. Third, Plaintiffs claim some of the

3

requests are "overbroad" and "unduly burdensome." Fourth, Plaintiffs argue that disclosure of tax returns and bank account records is improper due to confidentiality concerns. Fifth, Plaintiffs assert attorney-client privilege for two contested requests. Finally, the Court will narrow several of Defendants' requests.

### 1. Relevance

Discovery is significantly more broad than just evidence admissible at trial; it includes relevant information that is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). In FLSA cases, "courts determining whether a worker is an employee or an independent contractor . . . look to the economic realities of the relationship between the alleged employer and employee." *Verma v. 3001 Castor, Inc.*, Civ. A. No. 13-3034, 2014 U.S. Dist. LEXIS 88459, at *15–16 (E.D. Pa. June 30, 2014) (citing *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382–83 (3d Cir. 1985)). "Pennsylvania courts also undertake a fact-intensive, multi-factor examination" referred to as the "economic realities test" in making the employee or independent contractor determination. *Sherman v. Am. Eagle Exp., Inc.*, Civ. A. No. 09-575, 2012 U.S. Dist. LEXIS 30728, at *34 (E.D. Pa. Mar. 8, 2012).

Plaintiffs "do not dispute that the misclassification of workers is an issue in this case." (Pls.' Resp. 3.) Even still, Plaintiffs make bald assertions of "irrelevance" in response to many of Defendants' requests pointed squarely at the employee or independent contractor determination. (Defs.' Mot. Compel Ex. 2, ¶¶ 5–7, 9, 12, 18, 19–21, 26, 42, 43, 46, 50, 51; Ex. 3, ¶¶ 1, 2, 11.) Claiming a request is irrelevant without any specific supporting information does not meet Plaintiffs' burden of persuasion in resisting disclosure. *See In re Auto. Refinishing Paint Antitrust Litig.*, 2006 U.S. Dist. LEXIS 34129, at *6. Even were the Court to take Plaintiffs' relevance arguments at face value, they would not pass muster. Plaintiffs' status is a fact

intensive inquiry under both the FLSA and PMWA aimed at understanding the "economic realities" of the given situation. *See Verma*, 2014 U.S. Dist. LEXIS 88459, at *15–16 (FLSA); *Sherman*, 2012 U.S. Dist. LEXIS 30728, at *34 (PMWA). Defendants' requests are relevant.

### 2. Defendants' Possession

Plaintiffs object to other requests, claiming that they are absolved from answering the requests because Defendants already possess the requested information. (Defs.' Mot. Compel Ex. 2, ¶¶ 6, 18, 20, 21, 26, 27; Ex. 3, ¶¶ 1, 7.) This objection is not appropriate. *See Fort Wash. Res. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source."). Plaintiffs may answer interrogatories by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). However, a bare assertion that Defendants already have the information does not sufficiently substitute for a proper response.

### 3. Overbroad and Unduly Burdensome

Similar to the above objections, a claim that requests are "overbroad" and "unduly burdensome," without more, is not sufficient to meet Plaintiffs' burden of persuasion. (Defs.' Mot. Compel Ex. 2, ¶¶ 12, 19–21, 45, 50, 51; Ex. 3, ¶ 11.) Plaintiffs "must show specifically how . . . each question is overly broad, burdensome, or oppressive." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980). Plaintiffs flout their burden of persuasions with woefully insufficient responses such as "Objection. This Request is overbroad and unduly burdensome." (Defs.' Mot. Compel Ex. 2, ¶ 45.) The Court declines to grant Plaintiffs' objections without any information whatsoever on the breadth or burden of the individual requests.

### 4. Tax Returns and Bank Account Records

Courts routinely allow tax returns to be discoverable in FLSA cases. *See Lora v. NHS, Inc.*, Civ. A. No. 12-2357, 2014 U.S. Dist. LEXIS 70248, at *24 (E.D. Pa. May 22, 2014); *see also Rafeedie v. L.L.C., Inc.*, Civ. A. No. 10-743, 2011 U.S. Dist. LEXIS 128361, at *6 (W.D. Tex. Nov. 7, 2011) (citing *Carrell v. Sunland Constr., Inc.*, 998 F.2d 330, 333 (5th Cir. 1993) ("Plaintiff's income tax returns [are] relevant" when "examining whether a plaintiff was an employee or independent contractor under the FLSA.")); *Deboissiere v. Am. Modification Agency*, Civ. A. No. 09-2316, 2010 U.S. Dist. LEXIS 113776, at *7–8 (E.D.N.Y. Oct. 22, 2010) (finding the plaintiff's characterization of their employee or independent contractor status in their tax returns was a "significant consideration" warranting disclosure) (quotation omitted). Bank records are also discoverable, especially when the party "contends only in conclusory fashion that these documents are not relevant." *Jimenez v. Cai Int'l, Inc.*, 2012 U.S. Dist. LEXIS 196762, at *3 (S.D. Fla. Sept. 19, 2012).

Defendants' request for tax returns during the relevant time period is proper. However, Plaintiffs may redact any information on those returns not relevant to the case at hand. Two additional requests concerning bank records are relevant, but may contain more information than necessary for this case. Accordingly, the Plaintiffs must answer Defendants' Document Requests, Nos. 18, 20, and 21, but may redact any information not relevant, or not related to any compensation or purchases made on behalf of Defendants.

### 5. Attorney Client Privilege

The elements of attorney client privilege protecting certain disclosures from discovery are:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a

6

> court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Montgomery Cty. v. Microvote Corp.*, 175 F.3d 296, 301 (3d Cir. 1999) (quoting *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994)).

Plaintiffs assert attorney client privilege in response to two of Defendants' contested requests. First, Defendants' Document Requests, No. 5, asks for documents concerning outside employment during the time period Plaintiffs seek damages; this does not appear to involve any communication with "a member of the bar or a court, or his or her subordinate." (Defs.' Mot. Compel Ex. 2, ¶ 5.) Plaintiffs cannot avoid responding to a relevant discovery request by improperly claiming attorney client privilege. Second, Defendants' Document Requests, No. 44, asks for documents related to the fee agreement between Plaintiffs and their counsel, "excluding attorney-client privileged documents." (Defs.' Mot. Compel Ex. 2, ¶ 44.) Fee agreements are discoverable for the purposes of class certification. *See Porter v. NationsCredit Consumer Disc. Co.*, Civ. A. No. 03-3768, 2004 U.S. Dist. LEXIS 13641, at *7 (E.D. Pa. July 8, 2004) ("Fee agreements may be relevant to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit, and to the question of awarding attorney's fees upon settlement of judgment."). Therefore, Plaintiffs are required to respond to Defendants' Document Requests, Nos. 5 and 44.

### 6.     Narrowed Requests

While all of the requests are relevant and Plaintiffs have not carried their burden regarding overbroad and unduly burdensome requests, or attorney-client privilege, the Court

finds it is appropriate in the interest of expediency and proportionality to narrow several of Defendants' requests. Discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court may on its own limit discovery "if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also* Fed. R. Civ. P. 1 ("[The rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Several of Defendants' requests, while relevant, are unnecessarily open-ended, spanning time periods years and even decades outside the scope of this lawsuit. Other requests are properly circumscribed to "the time period that you are seeking damages in this Action." (Defs.' Mot. Compel Ex. 2, ¶ 7.) Accordingly, the Court will narrow Defendants' Document Requests, No. 6, and Defendants' Interrogatories, Nos. 1 and 2, to "the time period that Plaintiffs are seeking damages in this action."

### B. Defendants' Additional Contentions

Defendants also raise problems with the Plaintiffs' responses. Specifically, Defendants move for Plaintiffs to supplement their answers by a date certain and seek reconsideration of a protective order shielding Plaintiffs' counsel from a deposition.

#### 1. Supplemental Responses

Parties must provide complete responses to document requests, Fed. R. Civ. P. 34(b)(2)(A), and interrogatories, Fed. R. Civ. P. 33(b)(2), within 30 days. Additionally, the parties have an ongoing duty to supplement discovery responses throughout the discovery

period. Fed. R. Civ. P. 26(e)(1); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007). The duty to supplement, however, is not a boon to the responding party, allowing insufficient answers within the initial 30 days to be supplemented later at the party's leisure. As the discovery period closes on July 17, 2017 and in order to give Defendants time to conduct any additional depositions, Plaintiffs must provide complete answers to Defendants' Document Requests, Nos. 1, 2, 15–17, 29, 54, and 55, and to Defendants' Interrogatories, Nos. 8, 9, 13, and 15 by July 5, 2017.

### 2. Defendants' Interrogatories, No. 4, and June 7 Protective Order

While "opposing counsel does not enjoy absolute immunity from being deposed" the "practice of taking the deposition of opposing counsel should not be encouraged." *Orlando v. Opera Co.*, Civ. A. No. 95-3860, 1996 U.S. Dist. LEXIS 10341, at *2 (E.D. Pa. July 23, 1996) (citations omitted). Courts should permit depositions of opposing counsel only where: (1) "no other means exist to obtain the information" and (2) "the information sought is crucial to preparation of the case." *Id.* at 3–4 (internal quotation omitted).

While the damages calculation is crucial to the case, Ms. Brandt's basic arithmetic can be independently accessed by the spreadsheet Plaintiffs provided. An expert is not necessary to take the difference between hours worked and 40, multiply that number by the hourly wage, and then multiply the answer by 1.5 to calculate overtime compensation, and Brandt was not acting in the capacity of an expert. Plaintiffs' response to Defendants' Interrogatories, No. 4, in addition to the spreadsheet, was sufficient. However, should a damages expert, whether Brandt or otherwise, prove necessary in the future, the Court will allow Defendants to take the expert's deposition.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel is granted in part and denied in part. An Order consistent with this Memorandum will be docketed separately.