# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE G. HARRIS, et al. | : | |
| | : | Civil Action No. 16-cv-02353-BMS |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SWEET HOME HEALTHCARE, LLC, et al. | : | |
| | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| DAVITA YOUNG | : | |
| | : | Civil Action No. 17-cv-01655-BMS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SWEET HOME HEALTHCARE, LLC | : | |
| | : | |
| Defendant | : | |

## **PLAINTIFFS' BRIEF IN SUPPORT OF UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT**

# <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................................................ ii

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND ..........................................................................................................3

III.    SUMMARY OF SETTLEMENT TERMS....................................................................4

        A.      Settlement Fund ................................................................................................4

        B.      Notice ...............................................................................................................6

        C.      The Releases .....................................................................................................6

IV.     APPLICABLE LAW .....................................................................................................7

        A.      Approval of FLSA Settlement .........................................................................7

                1. Fairness-Internal Factors...............................................................................10

                2. Fairness-External Factors...............................................................................14

                3. Attorneys' Fees .............................................................................................14

                4. Service Award/Class Representative Fee .......................................................16

        B.      Approval of State Law Settlement..................................................................16

V.      CONCLUSION............................................................................................................17

# TABLE OF AUTHORITIES

## CASES

*Altnor v. Preferred Freezer Servs., Inc.,*
197 F. Supp.3d 746 (E.D. Pa. 2016) .............................................................................8

*Barrentine v. Arkansas-Best Freight Sys., Inc.,*
450 U.S. 728 (1981)........................................................................................................14

*Bredbenner v. Liberty Travel, Inc.,*
2011 WL 1344745 (D.N.J. 2011) ............................................................................10, 16

*Brown v. TrueBlue, Inc.,*
2013 WL 5408575 (M.D. Pa. Sept. 25, 2013) .............................................................10

*Brumley v. Camin Cargo Control, Inc.,*
2012 WL 1019337 (D.N.J. Mar. 26, 2013)................................................8, 10, 14, 15

*Cullen v. Whitman Med. Corp.,*
197 F.R.D. 136 (E.D. Pa. 1990)...................................................................................16

*Curiale v. Lenox Group, Inc.,*
2008 WL 4899474 (E.D. Pa. Nov. 14, 2008) ................................................................2

*Cuttic v. Crozer-Chester Med. Ctr.,*
868 F. Supp.2d 464 (E.D. Pa. 2012) .............................................................................7

*Detroit v. Grinnell Corp.,*
495 F.2d 448 (2d Cir. 1974).............................................................................................2

*Dino v. Pennsylvania,*
2013 WL 4041681 (M.D. Pa. Aug. 8, 2013) ...............................................................8

*Fein v. Ditech Fin., LLC,*
2017 WL 4284116 (E.D. Pa. Sept. 27, 2017) .............................................................10

*Girsh v. Jepson,*
521 F.2d 153 (3d Cir. 1975)...............................................8, 10, 11, 12, 13, 14, 17

*In re Chickie's & Pete's Wage & Hour Litig.,*
2014 WL 911718 (E.D. Pa. Mar. 7, 2014).......................................................8, 10, 15

*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liability Litig.,*
55 F.3d 768 (3d. Cir. 1995).......................................................................................3, 15

*In re Ins. Brokerage Antitrust Litig.*,
579 F.3d 241 (3d Cir. 2009) ............................................................................. 16

*In re Prudential Sales Practice Litigation*,
148 F.3d 283 (3d Cir. 1998) ............................................................................. 13

*In re Warfarin Sodium Antitrust Litig.*,
391 F.3d 516 (3d. Cir. 2004) ...................................................................... 12, 13

*Lachance v. Harrington*,
965 F.Supp. 630 (E.D. Pa. 1997) ..................................................................... 13

*Lake v. First Nationwide Bank*,
900 F.Supp. 726 (E.D. Pa. 1995) ..................................................................... 13

*Lenahan v. Sears, Roebuck and Co.*,
2006 WL 2085282 (D.N.J. July 24, 2006 .......................................................... 16

*Loughner v. Univ. of Pittsburgh*,
260 F.3d 173 (3d Cir. 2001) ............................................................................. 15

*Lovett v. Connect America.com*,
2015 WL 5334261 (E.D. Pa. Sept. 14, 2015) ...................................................... 8

*Lynn's Food Stores Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) ..................................................................... 7, 9

*Mabry v. Hildebrandt*,
2015 WL 5025810 (E.D. Pa. Aug. 24, 2015) ...................................................... 10

*McGee v. Ann's Choice, Inc.*,
2014 WL 2514582 (E.D. Pa. June 4, 2014) ........................................................ 10

*Meijer, Inc. v. 3M*,
2006 WL 238271 (E.D. Pa. Aug. 14, 2006) ........................................................ 16

*Prudential Sec. Inc. Ltd. P'ship Litig.*,
163 F.R.D. 200 (S.D.N.Y. 1995) ......................................................................... 2

*Silva v. Miller*,
307 F. App'x 349 (11th Cir. 2009) ................................................................... 15

*Sullivan v. DB Investments, Inc.*,
667 F.3d 273 (3d Cir. 2011) ............................................................................. 16

*Tenuto v. Transworld Sys. Inc.,*
2002 WL 188569 (E.D. Pa. Jan. 31, 2002) ...................................................................16

*Thomas v. NCO Fin. Sys.,*
2002 WL 1773035 (E.D. Pa. July 31, 2002) ....................................................................2

*Waltz v. Aveda Transportation & Energy Servs. Inc.,*
2017 WL 2907217 (M.D. Pa. July 7, 2017) ...................................................................10

## **STATUTES**

29 U.S.C. §216(b) ........................................................................................................7, 14
29 U.S.C. §216(c) ...............................................................................................................7

## **RULES**

Fed. R. Civ. P. 23 ...............................................................................................................8
Fed. R. Civ. P. 23(e)(2) ................................................................................................16, 17

## I.     INTRODUCTION

Plaintiffs Lawrence G. Harris ("Harris") and Tina Williams ("Williams"), on behalf of themselves and the Class submit the within Memorandum of Law in Support of their Motion to preliminarily approve the parties' Joint Stipulation of Settlement and Release which was executed on June 22, 2018 ("Settlement Agreement"). The Settlement Agreement is attached hereto as Exhibit "1" (with proposed Notice to the Class attached as Exhibit "A" thereto).  Defendants, Sweet Home Healthcare, LLC and/or Sweet Home Primary Care, LLC, Tekia Emerson and Darrell Ezell (collectively "Sweet Home"), have agreed to the terms of the Settlement Agreement and consent to the relief requested herein for purposes of approval of the Settlement Agreement.

The proposed settlement of this Fair Labor Standards Act ("FLSA") Collective Action and Pennsylvania Minimum Wage Act ("PMWA") Rule 23 Class Action provides Participating Class Members with payment of their alleged unpaid overtime hours as determined by the formula established in the Settlement Agreement. The Settlement Amount of $1,625,000.00 was achieved at a mediation conducted by the Honorable Magistrate Judge Timothy R. Rice on May 7, 2018, after, among other things, the parties had engaged in extensive formal discovery, including depositions of both Class Representatives and representatives of Defendants, interrogatories and document production, and submission of Plaintiffs' accounting expert's damage analysis. Plaintiffs moved for conditional certification of the FLSA Collective Action and certification of the Rule 23 Class Action, both of which were granted on January 31, 2018, despite Defendants' opposition; and Defendants filed a Rule 23(f) Petition for allowance to Appeal to the Third Circuit, which Petition was denied.

Plaintiffs respectfully request that the Court (1) grant preliminary approval of the Settlement Agreement; (2) approve the Notice of Class and Collective Action Settlement; (3) set

deadlines of forty-five (45) days from the mailing of Notice for Plaintiffs to opt-out of the lawsuit; (4) set deadlines of fourteen (14) days prior to the Final Approval Hearing to object to the Settlement; and (5) schedule a hearing Final Approval Hearing at which the Court will consider Plaintiffs' Motion for Final Approval of the Settlement, attorneys' fees and costs, and class representative service fees.

Preliminary approval will allow the parties to notify the Class/Collective Members of the Settlement and their right to opt-out of or object to the Settlement.  "'In evaluating a settlement for preliminary approval, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute.' *Thomas v. NCO Fin. Sys., 00-CV-5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002)*(quoting *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974).  Instead, the Court must determine whether 'the proposed settlement discloses the ground to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and whether it appears to fall within the range of possible approval.'"  *Curiale v. Lenox Group, Inc.*, No. 07-CV-1432 (RBS), 2008 WL 4899474, *2 (E.D.Pa. Nov. 14, 2008)(quoting *In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995)).  The preliminary approval determination requires the Court to consider, whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected."[1]  *Curiale*, 2008 WL 4899474,

---

[1] With this proposed Notice being a combined Notice of Collective/Class Action and Notice of Settlement, there has not yet been an opportunity for potential class members to assert objection. Nonetheless, as set forth below, in the course of the two-plus years of this litigation, only one other worker, Davita Young, filed suit asserting the same claims brought herein.  As Ms. Young is a member of the certified class, her action was consolidated.  Ms. Young recently settled her claims with Sweet Home, and a stipulation of dismissal will be filed with the Court in the near future, if not before this motion is docketed. (Exhibit "1", fn 2.)

*9 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768,

785-86 (3d. Cir. 1995).

## II.   BACKGROUND

Plaintiffs Harris and Williams were employed by Defendants as home health care workers. Plaintiffs allege that Defendants failed to properly pay them overtime wages because Defendants applied their base rate to hours worked over 40 hours, rather than the overtime premium multiplier of 1.5 (*i.e.*, time and one-half).  Harris and others additionally were underpaid for overtime wages because beginning in July 2016, Defendants established a new overtime pay policy which involved manipulating the workers' base rate to effectively pay the same weekly total as if no overtime multiplier had been applied.  Plaintiffs additionally asserted that Defendants arbitrarily classified some of its home health care workers as employees while others as independent contractors causing the latter to be deprived of the overtime premium.  Defendants vehemently contested liability on several grounds, including that: their workers were properly classified as independent contractors; their pay structure was in compliance with federal and state law; this matter was not appropriate for class treatment; and that there are alleged deficiencies with Plaintiffs' proofs.

This matter was commenced by the filing of Plaintiffs' Complaint on May 13, 2016, to which Defendants filed a Motion to Dismiss.  Thereafter, on March 20, 2017, Plaintiffs moved for conditional class certification of the FLSA claims.  In addition, from approximately November 2016 through April 2017, the parties engaged in informal discovery anticipating a Court-sponsored mediation which had been scheduled for April 3, 2017.  In an effort to prepare for that mediation, Plaintiffs' counsel pursued discovery (from Defendants and their payroll processor, Wells Fargo) and analyzed payroll records of approximately 2,000 employees.  Unfortunately, the April 3, 2017 mediation did not result in a resolution.

On April 5, 2017, Defendants' Motion to Dismiss was denied, and on April 13, 2017, Defendants' present counsel entered their appearance to continue the defense of this litigation and on May 3, 2017, filed an Answer and Affirmative Defenses on Defendants' behalf.  Thereafter, the parties pursued formal discovery and engaged in discovery motion practice.  Depositions were taken of both proposed Class Representatives, and of Defendants' representatives as well. Ultimately, on May 31, 2017, Plaintiffs moved for Rule 23 Class Certification; although they continued thereafter to discover additional payroll records and evidence in support of their claims. On July 17, 2017, Plaintiffs offered the expert accounting opinion of Stephen J. Scherf, CPA/CFF, CFE who quantified the putative Class' unpaid overtime claim.

Thereafter, on January 31, 2018, this Court conditionally certified this matter as a Collective Action under the FLSA and certified this matter as a Class Action pursuant to the PMWA on behalf of all individuals employed by Sweet Home as a Home Health Aides or Direct Care Workers in Pennsylvania from May 13, 2013 until the present. On February 15, 2018, Defendants Petitioned for Permission to Appeal the Rule 23 Class Certification to the Third Circuit, which Petition was denied on February 26, 2018.  Shortly thereafter, the parties, with the assistance of the Court, prepared Notice to the Class and a Notice Plan; however, during that process, the parties agreed to again explore the possibility of a settlement through Court-sponsored mediation process with Magistrate Judge Rice.  On May 7, 2018, with Judge Rice's active participation and assistance, the parties reached a Settlement as described below.

## III.    SUMMARY OF SETTLEMENT TERMS

### A.    Settlement Fund

The Settlement Agreement provides that Defendants will pay a maximum settlement amount of $1,625,000.00. ("Settlement Amount") (Exhibit "1", ¶20.)  The Settlement Amount

includes attorneys' fees and costs, claims administration costs not to exceed $22,000, and class representative services fees of $6,000 to each Harris and Williams, the named Class Representatives. (Id. at ¶34 as to Service Fee)[2] The Settlement Amount, less those fees and costs, is referred to as the Net Settlement Fund.

Upon Preliminary Approval of the Settlement, the parties agreed that Defendants shall deposit with the Claims Administrator the sum of $450,000.00, which sum shall be held in a qualified settlement fund as defined by the Internal Revenue Code. (Id. at ¶51) Within twenty days of the Settlement Effective Date (the date the Settlement is approved by the Court), Defendants will pay the Claims Administrator the sum of $1,175,000. (Id. at ¶¶22, 52) Simultaneously, the Claims Administrator will provide to Defendants the details relating to the employer's share of applicable federal, state and/or local payroll withholding taxes. From the date the Claims Administrator provides Sweet Home with actual notice of the total amount of the employer's share of applicable federal, state and/or local payroll withholding taxes, Sweet Home will have ten (10) days to deposit such additional funds with the Claims Administrator. (Id. at ¶52) The parties agree that any portion of the Settlement Amount ultimately not distributed by the Claims Administrator will be returned to Sweet Home. (Id. at ¶36)

The Net Settlement Fund will be attributed to both FLSA and PMWA damages, allocated for income tax purposes as 50% for back wages and 50% for liquidated damages and interest. (Id., ¶35 as to Allocation for Tax Purposes) The Claims Administrator will report each payment to the

---

[2] Sweet Home has agreed not to oppose Class Counsel's request for attorneys' fees equal to or less than one-third of the Settlement Amount and no greater than $75,000 in costs (exclusive of the service fees to the Class Representatives and costs of the Claims Administrator) to compensate Class Counsel for all past and future attorneys' fees and costs. (Id. at ¶32.) Within thirty (30) days of the Settlement Effective Date, Class Counsel's approved fees and costs shall be paid from the Settlement Amount. (Id. at ¶53)

appropriate government authorities including the Internal Revenue Service as required by law, and the Claims Administrator shall make all required deductions and withholdings. (Id.)   Each Participating Class Member will receive a share of the Net Settlement Fund calculated as a fraction where the numerator is the individual Class Member's total unpaid wage claim and the denominator is the total amount of all Class Members' wage claims multiplied by the Net Settlement Fund. (Id., ¶33 as to Calculation of Settlement Share ("Settlement Share")).  Within forty-five (45) days following the Settlement Effective Date, checks for the Settlement Share will be issued to Participating Class Members and will remain negotiable for one hundred and twenty (120) days from the date of mailing. (Id. at ¶53)

### B.     Notice

If this Court preliminarily approves the Settlement, within thirty (30) days thereafter, Sweet Home will provide the Claims Administrator with an electronic Class List, to be used by the Claims Administrator to process and mail Notice, and which the Claims Administrator will use to calculate each Class Member's Settlement Share.  (Id. at ¶43) The Notice will report to each Class Member his/her approximate Settlement Share assuming the Court awards the requested Class Counsel's fees and costs and approves the Claims Administrator's fees and Class Representatives' service fees.  Class Members will have forty-five (45) days from the postmarked date of mailing of Notice to exclude themselves from the Rule 23 Class by submitting to the Claims Administrator a signed writing electing to "opt out" of the Rule 23 Class.  (Id. at ¶46) Similarly, the Notice will provide that any Class Member may object to the proposed share to be paid and to the proposed Settlement by fourteen (14) days prior to the Final Approval Hearing.  (Id. at ¶49)

C.      **The Releases**

Upon the Settlement Effective Date, all individuals who join the FLSA Collective Action as members of the Collective Action Class shall be deemed to fully release Defendants.  (Id. at ¶69) This Release shall be conspicuously included on the Settlement Share check. Cashing of the check shall operate as a release of all claims under the FLSA as if the Class Member had submitted an Opt-In form.  Further, upon the Settlement Effective Date, all members of the Rule 23 Class shall be deemed to have fully released Defendants.  (Id. at ¶70)

IV.    **APPLICABLE LAW**

A.      **Approval of FLSA Settlement**

Claims arising under the FLSA can be settled or compromised by employees when either the Secretary of Labor supervises an employer's payment of unpaid wages to employees pursuant to 29 U.S.C. § 216(c), or by a district court who approves the settlement pursuant to 29 U.S.C. § 216(b). *Cuttic v. Crozer–Chester Med. Ctr.,* 868 F.Supp.2d 464, 466 (E.D.Pa.2012). Once parties present the district court with a proposed settlement under § 216(b), "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Lynn's Food Stores Inc. v. United States,* 679 F .2d 1350, 1354 (11th Cir.1982)).

Under *Lynn's Food Stores,* a district court may find that a proposed settlement agreement resolves a bona fide dispute when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." 679 F.2d at 1354. In essence, for a *bona fide* dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of defendant's intent to reject or actual rejection of that claim

when it is presented. FLSA § 16, 29 U.S.C.A. § 216(b); *Altnor v. Preferred Freezer Servs., Inc.,* 197 F. Supp. 3d 746 (E.D. Pa. 2016)

  "In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Dino v. Pennsylvania,* No. 08–1493, 2013 WL 4041681 (M.D.Pa. Aug. 8, 2013) at *3 (quoting *Brumley v. Camin Cargo Control, Inc.,* No. 08–1798, 2012 WL 1019337, at *4 (D.N.J. Mar. 26, 2013); *In re Chickie's & Pete's Wage & Hour Litig.,* No. CIV.A. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014).

  While the Third Circuit has not definitively set out FLSA-specific criteria for district courts to use when assessing the fairness and reasonableness of any proposed settlement agreement, district courts in the circuit have looked to the *Girsh* factors that are used in evaluating the fairness of class action settlements under Federal Rule of Civil Procedure 23. *Dino,* 2013 WL 4041681, at *4; *Brumley,* 2012 WL 1019337, at *4. The nine *Girsh* factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Girsh v. Jepson,* 521 F.2d 153, 157–58 (3d Cir.1975); *In re Chickie's & Pete's Wage & Hour Litig.,* 2014 WL 911718, at *2–3.

  Faced with similar allegations and settlements, courts in this district have found that similar settlements have resolved *bona fide* disputes. For example, in *Lovett v. Connect America.com,*

8

No. CV 14-2596, 2015 WL 5334261, at *3–4 (E.D. Pa. Sept. 14, 2015), the Eastern District Court found that where plaintiffs alleged that they did not receive minimum wage for the first 40 hours worked and did not received proper overtime compensation but acknowledged that defendants raised valid defenses including whether plaintiffs were independent contractors, among other things, clearly established a *bona fide* dispute.  Here, Plaintiffs allege that Defendants violated the FLSA and PMWA by failing to pay overtime and/or manipulating Plaintiffs' pay rates to deprive them of their overtime premium.  Defendants contend that their pay policies comply with applicable laws and have asserted numerous defenses including that many of its workers were properly classified as independent contractors and not eligible for overtime pay.  If Plaintiffs' allegations were ultimately proven at trial, Defendants would be faced with the prospect of a substantial monetary verdict exceeding the Settlement Amount, in addition to liquidated damages and additional legal fees and costs.  If Defendants were to prevail on some or all of their defenses, then the Settlement Amount could exceed Plaintiffs' recovery, if there were any recovery at all.  With the assistance of Magistrate Judge Rice during mediation, the strengths and weaknesses of each parties' position was extensively explored, and the parties concluded that the negotiated Settlement Amount represented an appropriate compromise considering all of the strengths and weaknesses of each party's position.  Thus, the Settlement takes into consideration the inherent risks and potential costs both sides faced if this complex litigation continued to resolution by a jury. Magistrate Judge Rice expressed his own opinion that the Settlement represented a fair and reasonable compromise of this matter.  Under these circumstances, a presumption of fairness should attach to the Settlement.  *See Lynn's Food Stores*, 679 F.2d at 1354.

Having determined that the Settlement Agreement resolves a *bona fide* dispute under the FLSA, the Court must next conduct a two-part fairness inquiry to ensure that (1)

the settlement is fair and reasonable for the employees (under the *Girsh* factors) and (2) the settlement furthers the FLSA's implementation in the workplace. *See Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *2 (E.D. Pa. Aug. 24, 2015); *McGee v. Ann's Choice, Inc.*, No. 12-cv-2664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014); *Waltz v. Aveda Transportation & Energy Servs. Inc.*, No. 4:16-cv-00469, 2017 WL 2907217, at *3 (M.D. Pa. July 7, 2017); *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *4 (D.N.J. Mar. 26, 2012).

### 1. Fairness – Internal Factors

As stated above, in evaluating the fairness of a settlement in an FLSA collective action, the courts in the Third Circuit have utilized the standards set forth in *Girsh v. Jepson,* 521 F.2d 153, (3d Cir. 1975), in which the court approved a Rule 23 class action settlement. *See Brumley,* 2012 WL 1019337; *In re Chickie's & Pete's Wage & Hour Litig.,* 2014 WL 911718, at *2–3; *Brown v. TrueBlue, Inc.,* Civ. No. 10–514, 2013 WL 5408575, at *1–2 (M.D.Pa. Sept. 25, 2013); *Bredbenner v. Liberty Travel, Inc.,* 2011 WL 1344745, at *11 (D.N.J. 2011); *Fein v. Ditech Fin., LLC*, No. 5:16-CV-00660, 2017 WL 4284116, at *7–10 (E.D. Pa. Sept. 27, 2017).

The *Girsh* factors support approval of the Settlement; that is, guided by the *Girsh* factors, this Court can conclude that the Settlement is fair to the Class Members and a reasonable compromise of their claims.

As to the first factor, the complexity, expense, and likely duration of litigation, a full trial would consume large amounts of additional time and resources for the parties and the Court and would require extensive testimony and complicated determinations of several of the issues as to both liability and damages. It would require further evaluation and review by experts and the costs associated with those efforts, including the deposition of each side's expert witnesses.  Given the

time and expense incurred thus far, and Defendants' aggressive litigation position, Plaintiffs believe that a settlement now will avoid further significant cost and delay. The Settlement was reached after arm's-length negotiations following two-years of contested litigation concerning disputed claims and defenses respecting approximately 2,000 potential Class Members. Defendants, having denied liability at all times, aggressively pursued their positions in this litigation, including filing a Motion to Dismiss, discovery motions, proceeding with discovery, including the depositions of the named Plaintiffs; and Plaintiffs have engaged in substantial discovery efforts to establish their case, including but not limited to efforts to secure <u>all</u> relevant payroll data, which was no easy feat, and to have that data analyzed, first internally and then by an expert.  Plaintiffs formerly sought and obtained Conditional Certification of the FLSA Collective Action and Rule 23 Class Certification of their state law PMWA claims, which motions also were contested by Defendants. Defendants additionally petitioned for permission to appeal the Rule 23 Class Certification Order, which appeal was not permitted by the Third Circuit.  Following the approximate 2 years of contested and expensive litigation, counsel and the parties were able to reconvene with Magistrate Judge Rice and reach of compromise of this litigation.

As to the second *Girsh* factor, the reaction of the class to the settlement, which "attempts to gauge whether members of the class support the settlement," Plaintiffs do not anticipate any negative response. This litigation has been ongoing for over 2 years, and only one other worker who is a member of the Class has come forward to litigate her own claim.  As she is a member of the Class, her claim was consolidated, and ultimately, resolved.  *(Davita Young v. Sweet Home Healthcare, LLC.)* Therefore, this factor favors approval.

The third factor requires the Court to consider the stage of proceedings and the amount of discovery completed. Courts must determine "whether counsel had an adequate appreciation of

the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d. Cir. 2004). In this case, the matter has already been conditionally certified as a FLSA Collective Action and certified as Rule 23 Class Action, following extensive discovery and mutual appreciation of the parties' positions. The parties conducted significant informal and formal discovery: Defendants provided Plaintiffs with thousands of pages of documents, including payroll data for in excess of 2,000 workers and other documents regarding Defendants' policies and procedures. The data was extensively analyzed by Plaintiffs' counsel and by Plaintiffs' expert. The parties have taken depositions of the Class Representatives and Defendants' representatives. Additionally, counsel engaged in various arm's-length negotiations, including two Court-sponsored mediation sessions, the second of which, on May 7, 2018, resulted in this Settlement. Counsel adequately appreciates the merits of Plaintiffs' claims and the Defendants' defenses, and this factor supports approval of the settlement.

The fourth and fifth *Girsh* factors consider the risk of establishing liability and damages at trial and "weigh the likelihood of success against the benefits of an immediate settlement." Plaintiffs assert that trying this case would involve risks to Class Members because of the possibility that there would be a need for extensive fact presentation as to each putative class member to prove liability under both the FLSA and Pennsylvania's wage and hour laws; together with Defendants' unique position that many of the Class Members are not entitled to overtime premiums because of their status as independent contractors. Moreover, the restructuring of Defendants' pay practices after filing of suit (in July 2016) may pose another complication to Plaintiffs' ability to prove common damage patterns across the Class. Defendants have asserted other defenses, including the statute of limitations and that Defendants acted in good faith in attempting to carry out its responsibilities under the FLSA/PMWA. "The court must, to a

certain extent, give credence to the estimation of the probability of success proffered by class counsel, who are experienced with the underlying case, and the possible defenses which may be raised to their cause of action." *Lachance v. Harrington*, 965 F.Supp. 630, 639 (E.D. Pa. 1997) (citing *Lake v. First Nationwide Bank*, 900 F.Supp. 726, 732 (E.D. Pa. 1995)). Therefore, the fourth and fifth factors weigh in favor of approving the settlement.

The likelihood of maintaining class certification if the action were to proceed to trial, the sixth *Girsh* factor, weighs in favor of approval. This matter has been conditionally certified as a Collective Action, but that is a two-step process. Additionally, "[t]here will always be a 'risk' or possibility of decertification [of a Rule 23 Class], and consequently the court can always claim this factor weighs in favor of settlement." *In re Prudential Sales Practices Litigation*, 148 F.3d 283, 321 (3d. Cir. 1998).

The seventh *Girsh* factor, Defendants' ability to withstand a greater judgment, weighs in favor of approval. During the mediations, Defendants repeatedly asserted that there was a potential inability to pay an ultimate judgment as a basis for settlement. In essence, Plaintiffs believe that the payment of $1,625,000.00 is appropriate and a full investigation of Defendants' worth and financial stability is not mandated.

The eighth and ninth factors, the range of reasonableness of the settlement fund in light of the best possible recovery and the range of reasonableness of the settlement fund in light of all the attendant risks of litigation, ask the Court to consider "whether the settlement represents a good value for a weak case or a poor value for a strong case." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 538. "The factors test two sides of the same coin: reasonableness in light of the best possible recovery and reasonableness in light of the risks the parties would face if the case went to trial." *Id.* While Plaintiffs' expert calculated economic damages in the form of unpaid overtime

wages pursuant to the PMWA in the amount of $2,167,145.50 and pursuant to the FLSA in the amount of $2,080.030.85 through June 30, 2017[3] (almost a year after Defendants instituted their new pay policy), the proffered settlement was recommended by Magistrate Judge Rice. The Settlement of $1,625,000.00 is a reasonable compromise of those damages, in light of the risks described above.

Thus, the *Girsh* factors on the whole militate in favor of the Settlement Agreement.

### 2. Fairness – External Factors

In considering the fairness of the compromise, the court must consider whether the agreement frustrates implementation of the FLSA. Here, Defendants discontinued the allegedly illegal compensation practice and the previously affected employees will all receive Notice of the Action and Settlement. The Agreement does not contain a confidentiality provision; and to the contrary, the Notice encourages Defendants' present and former affected employees to participate in the Action. In short, the Settlement promotes, rather than undermines the FLSA's purposes -- to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 739 (1981).

### 3.      Attorneys' Fees

Under § 216(b), the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In FLSA cases, judicial approval of attorneys' fees is necessary '"to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Brumley,* 2012 WL 1019337, at *9

---

[3] These damage calculations are not to be added together; but rather represent calculations under each statutory basis for recovery.

(quoting *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir.2009)). The court "must articulate the basis for a fee award." *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 178 (3d Cir.2001). Here, the recovery of attorneys' fees does not create a conflict of interest that affects Plaintiffs' ultimate recovery and the requested attorneys' fees is reasonable. In FLSA cases, both the "lodestar" formula and the percentage-of-recovery method have been used in evaluating the reasonableness of attorneys' fees. *See Loughner,* 260 F.3d at 177 (using "lodestar" formula); *Brumley,* 2012 WL 1019337, at *9 (using percentage-of-recovery method). To determine what is reasonable under the lodestar formula "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Loughner,* 260 F.3d at 177. The percentage-of-recovery method, on the other hand, allows a district judge to award attorneys' fees as a percentage of the total fund recovered. *In re Gen. Motors Corp. Pick–Up Fuel Tank Products Liab. Litig.,* 55 F.3d 768, 822 (3d Cir.1995). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *Id.; see also Brumley,* 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable); *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 WL 911718, at *4.

In this case, the Settlement Agreement provides that Sweet Home has agreed not to contest Class Counsel's request for attorneys' fees equal to or less than one-third of the Settlement Amount and no greater than $75,000 in costs (exclusive of the service fees to the Class Representatives and costs of the Claims Administrator) to compensate Class Counsel for all past and future attorneys' fees and costs and to be paid from the Settlement Amount. (Id. at ¶32.)  As of the filing of this Motion, Class Counsel has incurred just under $50,000 in costs and has obtained a not to exceed fee from the Claims Administrator of $22,000.  A contingent fee of 1/3 of the Settlement Amount less the litigation costs of $50,000 is $525,000.  As of the filing of this Motion, Class Counsel's

lodestar is $475,000, using a multiplier of only 1.5 would result in a fee award of $712,000.  Here, Class Counsel is asking for the contingent fee ($525,000); $187,000 less than the lodestar with a small multiplier.  Thus, the net sum available to the Class, before the Class Representatives' service fee would be $1,028,000.

### 4.      Service Award/Class Representative Fee

The courts of this circuit have approved incentive payments in FLSA Collective Actions. *See Lenahan v. Sears, Roebuck and Co.,* Civ. No. 02–0045, 2006 WL 2085282, at *1, 8 n.7 (D.N.J. July 24, 2006); *Meijer, Inc. v. 3M,* 2006 WL 238271, at *45–46 (E.D.Pa. Aug. 14, 2006); *Tenuto v. Transworld Sys. Inc.,* Civ. No. 99–4228, 2002 WL 188569, at *5 (E.D.Pa. Jan. 31, 2002).  Such payments are common in class action lawsuits involving a common fund. *Bredbenner,* 2011 WL 1344745, at *22–23 (citing *Cullen v. Whitman Med. Corp.,* 197 F.R.D. 136, 145 (E.D.Pa.1990)).

Here, Plaintiffs Harris and Williams substantially assisted counsel in achieving this Settlement on behalf of the Class and should each receive a service award of $6,000 as provided in the Settlement Agreement.  Both were responsible for initiating this action and providing assistance on numerous occasions to Plaintiffs' counsel.  Both responded to discovery and sat for their deposition.  Both participated in the Court-sponsored mediation with Magistrate Judge Rice.  There is no question that other employees have substantially benefitted from their actions.

### B.      Approval of State Law Settlement

Next, the parties request that the Court determine that the Settlement is fair and reasonable to the Rule 23 Class.  *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 319 (3d Cir. 2011) (quoting *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 257 (3d Cir. 2009)). To approve the Settlement Agreement with respect to the state law claims under Rule 23(e)(2), the Court must find that it is

"fair, reasonable, and adequate." The decision of whether to approve a proposed settlement of a class action is left to the sound discretion of the district court. *Girsh*, 521 F.2d at 156. Because courts also use the *Girsh* factors in evaluating the fairness of settlements of collective actions under the FLSA, the Court may apply those factors to the state law and FLSA claims simultaneously.

Here, as set forth above, the *Girsh* factors demonstrate that the Settlement Agreement satisfies the fairness requirements for both the FLSA Collective Action and state law Rule 23 Class Action. Therefore, Plaintiffs respectfully request that the Court preliminarily approve the Settlement.

## V.    CONCLUSION

In light of the above, Plaintiffs, with the consent of Defendants, respectfully request that this Court find the terms of the Settlement Agreement to be "fair, reasonable, and adequate" under Fed. R. Civ. P. 23(e)(2) and "fair and reasonable" under the FLSA and therefore, grant preliminary approval.

Respectfully submitted,

WEIR & PARTNERS LLP


By: */s/ Steven E. Angstreich*
    Steven E. Angstreich, Pa. Atty. ID. 03439
    Amy R. Brandt, PA Atty. ID # 65739
    1339 Chestnut Street, Suite 500
    Philadelphia, PA  19107
    Telephone: (215)665-8181
    Fax: (215)665-8464
    sangstreich@weirpartners.com
    abrandt@weirpartners.com
    *Attorneys for Plaintiffs and the Class*

Dated:  June 29, 2018