# EXHIBIT "1"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE G. HARRIS, et al., | Civil Action |
| Plaintiffs, | |
| v. | CASE NO.: 16-cv-02353 (BMS) |
| SWEET HOME HEALTHCARE LLC, et al., | |
| Defendants. | |
| | |
| DAVITA YOUNG, | |
| Plaintiff, | |
| v. | |
| SWEET HOME HEALTHCARE LLC, | |
| Defendant. | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Plaintiffs Lawrence Harris and Tina Williams, on behalf of themselves and all other persons in the Class (as that term is defined in paragraph 7 below), and Defendants Sweet Home Healthcare LLC, Sweet Home Primary Care LLC, Tekia Emerson, and Darryl Ezell (collectively "Defendants"), by and through their respective counsel of record, agree to resolve the above-captioned case and related litigation pursuant to the terms of this Joint Stipulation of Settlement and Release ("Stipulation"), which is executed and delivered this 22nd day of June, 2018 ("Date of Execution").

### DEFINITIONS

1. **"Action"** means the civil action filed on or about May 13, 2016, in the United States District Court for the Eastern District of Pennsylvania, originally captioned Nakia Jackson, Sarita B. Cave, Shatia Jackson, Tina Williams, and Lawrence G. Harris v. Sweet Home Healthcare LLC, Sweet Home Primary Care LLC and Tekia Emerson and Darryl Ezell, Civ. No. 2:16-cv-02353-GEKP.

2. **"Class Representatives"** means Plaintiffs Lawrence G. Harris and Tina Williams, as identified in the caption.[1]

3. **"Sweet Home"** means Defendants Sweet Home Healthcare LLC and Sweet Home Primary Care LLC.

4. **"Sweet Home Releasees"** means Defendants Sweet Home Healthcare LLC, Sweet Home Primary Care LLC, Tekia Emerson, Darryl Ezell, and each of the referenced entities' and individuals' parents, subsidiaries, affiliated corporations, divisions, joint ventures, operating units, predecessors, successors and assigns, and each of their respective past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, shareholders, attorneys, and personal or legal representatives, and each of the referenced individuals' prospective heirs, executors, administrators, personal representatives, successors and assigns.

5. **"Defendants"** means and includes Defendants Sweet Home Healthcare LLC, Sweet Home Primary Care LLC, Tekia Emerson, and Darryl Ezell.

6. **"Claims Administrator"** shall refer to RG2 Claims Administration LLC, which will perform all of the duties customarily performed by a class action settlement claims administrator, including (i) mailing the Notice to class members; (ii) mailing notices to respective authorities as required under the Class Action Fairness Act ("CAFA"); (iii) tracking returned opt-out notices; (iv) creating a qualified settlement fund, as that term is interpreted by the Internal Revenue Service and applicable state law; (v) calculating each Class member's respective Settlement Share; (vi) sending each Participating Class Member his/her respective Settlement Share; (vii) reporting and making the required deductions, withholdings, and/or payroll tax payments; and (viii) calculating the amount to be paid by Defendants for applicable federal, state and/or local payroll withholding taxes on back wage payments.

7. **"Class"** means the Class Representatives, and all other individuals employed by Sweet Home as a Home Health Aide or Direct Care Worker in the Commonwealth of Pennsylvania at any time during the Released Period (defined below): (1) who worked or allege to have worked over 40 hours in one or more workweeks without receiving 1.5 times their regular rate of pay for hours worked over 40 in a workweek; and/or (2) whose hourly rate of pay was allegedly reduced by operation of a compensation plan following a period of service or employment without a compensation plan. Persons who fall within the foregoing definition of Class are **"Class Members."** **"Class"** and **"Class Members"** specifically excludes individuals who opt-out of the Action.

8. **"Class Counsel"** means Steven E. Angstreich, Esquire and Amy R. Brandt, Esquire of the firm Weir & Partners LLP.

---

[1] Former named plaintiffs Nakia Jackson, Sarita B. Cave and Shatia Jackson were dismissed as named plaintiffs in the case by stipulation of the Parties. Davita Young is not a party to this Agreement.

9. **"Defendants' Counsel"** means Aliza R. Karetnick, Esquire, Sean S. Zabaneh, Esquire, Christopher D. Durham, Esquire, and Alyssa W. Kovach, Esquire, of the firm Duane Morris LLP.

10. **"Class Member Distribution Amount"** means the remainder of the Settlement Amount (defined in paragraph 21 below) available to be distributed to the Participating Class Members after deductions, pursuant to the terms of the Settlement, for Class Counsel attorneys' fees and costs, service payments to Class Representatives, payment for the services of the Claims Administrator, and any employee share of applicable federal, state and/or local payroll withholding taxes on back wage payments made to Participating Class Members.

11. **"Collective Action Class"** shall include all Class Members who opt-in by cashing their Settlement Award check.

12. **"Rule 23 Class"** is co-extensive with and shall have the same meaning as the term Class as defined in paragraph 7.

13. **"Court"** or **"District Court"** means the United States District Court for the Eastern District of Pennsylvania.

14. **"Judgment"** means the Final Approval Order (as defined in paragraph 42_ below) entered by the Court.

15. **"Notice"** means the Notice of Preliminary Approval of Settlement of Class Action substantially in the form attached hereto as Exhibit "A," and the Notice of Final Settlement Hearing and Hearing Regarding Application for Attorneys' Fees and Costs, and Exclusion and Claims Procedures substantially in the form attached hereto as Exhibit "B". Both forms of Notice will be presented to the Court for approval.

16. **"Parties"** means the named parties in the Action and to this Stipulation, not including individuals who were named, but later eliminated as named plaintiffs. *See* Footnote 1, *supra*.

17. **"Participating Class Member"** means each of the Class Members who: (i) is eligible, pursuant to the terms of the Settlement, to receive a Settlement Award from the Class Member Distribution Amount; and (ii) does not opt-out of the Settlement

18. **"Released Claims"** means all Claims within the scope of the releases contained in paragraphs 69 and 70 below.

19. **"Released Period"** means the period beginning on May 13, 2013 and continuing through and including the Settlement Effective Date.

20. **"Settlement"** or **"Stipulation"** means this Joint Stipulation of Settlement and Release.

21. **"Settlement Amount"** means One Million Six Hundred Twenty-Five Thousand Dollars ($1,625,000.00), which is the maximum amount that Sweet Home is committed to pay

pursuant to this Settlement to fully and finally resolve the Released Claims and is subject to reduction pursuant to the Reverter (as defined below in paragraph 36).

22. **"Settlement Effective Date"** means the date that the Settlement is approved by the Court.

23. **"Settlement Share"** or **"Settlement Award"** means each Participating Class Member's share of the Class Member Distribution Amount pursuant to the terms of the Settlement.

24. **"Unknown Claims"** means all Released Claims that the Class Representatives or any Class Member does not know or suspect to exist in his or her favor at the time of the Judgment. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Settlement Effective Date, the Class Representatives shall have expressly, knowingly and intentionally waived for themselves the benefits and rights arising under any otherwise applicable state statute, rule or doctrine under which a release does not extend to claims which the releasor does not know to exist at the time of executing or giving the release, and which, if known by him or her, would have materially affected his or her settlement. In addition, the Class Members (other than those Class Members who properly opt-out of the Class) shall be deemed to have, and by operation of the Judgment shall have, likewise waived such rights.

## THE LITIGATION

25. On May 13, 2016,[2] the Class Representatives commenced the Action. The Class Representatives alleged on behalf of a purported class of all persons who worked for Sweet Home in the position of Home Health Aide or Direct Care Worker in Pennsylvania from January 1, 2014 to the present who were not paid overtime compensation at 1.5 times the regular rate of pay or were paid a reduced overtime premium for weeks in which they worked more than 40 hours. On the basis of these allegations, the Class Representatives made claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (**"FLSA"**) and demanded damages including unpaid compensation, interest and penalties. The Class Representatives also made claims pursuant to the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. § 333.101 *et seq.* (**"PMWA"**).

26. The Class Representatives believe that the claims asserted in the Action have merit and are appropriate for collective and/or class action treatment. The Court has ruled that the Action can proceed as a Class Action and conditionally certified the Action as a Collective Action.

27. Defendants deny any liability or wrongdoing of any kind; contend that the Class Representatives and Class Members were compensated for all hours worked; contend that Defendants at all times properly compensated the Class Representatives and the Class Members in accordance with applicable law.

---

[2] Davita Young filed a lawsuit on April 11, 2017, which was consolidated with the Action by Order of the Court on June 22, 2017. *Davita Young v. Sweet Home Healthcare LLC*, Civ. No. 2:17-cv-01655. Ms. Young's individual claims are not subject to this agreement, except to the extent Ms. Young is a Class Member.

28.     Defendants have agreed to resolve the Action pursuant to this Stipulation, but to the extent that this Stipulation is not approved or is deemed void or that the Settlement Effective Date for any reason does not occur, Defendants do not waive, but rather expressly reserve, all rights to challenge all claims and allegations in the Action and/or any subsequent related actions, upon all procedural, legal and factual grounds. The Class Representatives and Class Counsel agree that Defendants retain and reserve these rights and agree not to take a position to the contrary.

29.     The Parties engaged in negotiations looking toward an amicable resolution of the Action, and with the assistance of the Honorable Timothy R. Rice, ultimately reached an agreement, subject to Court approval, to settle the Action and all claims that were or could have been asserted therein on the material terms set forth in this Stipulation. The Parties have also engaged in extensive negotiations regarding the remaining terms and conditions set forth in this Stipulation.

## CONSIDERATION

30.     The Court has certified this Action as a Class Action and has conditionally approved that this Action can proceed as a Collective Action.

31.     As consideration for this Settlement and to resolve and settle fully and completely all Released Claims of all members of the Rule 23 Class and the Collective Action Class, Sweet Home agrees to pay the Settlement Amount. The Settlement Amount is inclusive of the gross amount of all settlement payments to be made to Participating Class Members, Class Counsel's court approved attorneys' fees and costs, service payments to Class Representatives, the full fees and costs of the Claims Administrator, and any employee obligation for applicable federal, state and/or local payroll withholding taxes on back wage payments made to them. Class Counsel's court approved attorneys' fees and costs, service payments to Class Representatives, the full fees and costs of the Claims Administrator, any employee share of applicable federal, and state and/or local payroll withholding taxes on back wage payments made to Participating Class Members, shall be deducted from the Settlement Amount to create the Class Member Distribution Amount. Class Members' Settlement Share will be paid from the Class Member Distribution Amount. The Settlement Amount shall be held by the Claims Administrator and shall only become payable at such time and in such amount as provided more fully in paragraphs 53 and 54 below. Except for their share of applicable federal, state and/or local payroll withholding taxes on back wage payments, Sweet Home Releasees shall not be responsible for any additional taxes or deductions.

32.     Sweet Home shall not contest Class Counsel's request for attorneys' fees equal to or less than one-third of the Settlement Amount and no greater than $75,000 in costs (exclusive of the service fees to the Class Representatives and costs of the Claims Administrator) to compensate Class Counsel for all past and future attorneys' fees and costs and to be paid from the Settlement Amount.

33.     Calculation of Settlement Share. The gross amount distributed to each Participating Class Member will be as follows: Each Class member shall be entitled to receive his/her proportion of the Settlement Share calculated as a fraction where the numerator is the

individual Class member's total unpaid wage claim and the denominator is the total amount of all Class members wage claim multiplied by the Class Member Distribution Amount.

34.     Each Class Representative will receive a service payment in the amount of $6,000 from the Settlement Amount. These payments shall be made in addition to any Settlement Share that Class Representatives may otherwise be entitled as a Participating Class Member. Each such payment will be subject to an IRS Form 1099. The Class Representatives are deemed to be Participating Class Members. Sweet Home Releasees will not be responsible for any state, federal or local taxes that may be or become due with respect to these services payments or for any other deductions, withholdings or additional payments that may be claimed with respect to such service payments.

35.     For income and payroll tax purposes, the Parties agree that 50% of each settlement payment set forth in paragraph 33 constitutes back wages (which shall be subject to required withholdings and deductions and reported as wage income on an IRS Form W-2 as required by law), and 50% of each settlement payment set forth in paragraph 33 constitutes liquidated damages and interest which will be subject to an IRS Form 1099. The Claims Administrator will report each payment to the government authorities including the Internal Revenue Service as required by law, and the Claims Administrator shall make all required deductions and withholdings.

36.     The Parties agree that any portion of the Settlement Amount ultimately not distributed by the Claims Administrator is and shall remain the property of Sweet Home and/or, to the extent paid by Sweet Home by mistake or otherwise, shall be returned to Sweet Home ("**Reverter**").

37.     The Parties agree that there shall be no injunctive relief as part of this Settlement.

## COURT APPROVAL OF SETTLEMENT

38.     Defendants' Counsel and Class Counsel shall cooperate to obtain a stay or extension of all proceedings and deadlines related to the Action pending efforts to secure approval in the federal courts of the Settlement.

39.     Class Plaintiffs shall move the Court for preliminary approval of this Stipulation. Such motion shall be uncontested and shall be filed on or before July 2, 2018. By such motion, Class Representatives will request that the District Court enter an order ("**Preliminary Approval Order**") approving the terms of this Stipulation, and scheduling the final settlement approval hearing ("**Final Approval Hearing**") at the earliest convenience of the District Court, for the purposes of finally determining the fairness of the Settlement, granting final approval of the Settlement and this Stipulation, awarding Class Counsel fees and costs, and granting such other and further relief in connection therewith as the Court shall deem proper.

40.     Should the District Court decide not to enter the Preliminary Approval Order in its entirety, any of the Parties shall have the right to terminate the Settlement in which event this Stipulation shall be null and void *ab initio* and the Parties shall be returned to their positions in the Action as if this Stipulation had never been executed, delivered or filed. The Parties may, but are not required to, cooperate with one another in an effort to address any concerns the District

Court may have and to present a revised stipulation and proposed settlement that may be acceptable to the District Court.

41. If the District Court enters the Preliminary Approval Order, then at the resulting Final Approval Hearing, the Class Representatives and Defendants, through their counsel of record, shall address any written objections or concerns from Class Members who attend the hearing and are entitled to be heard as set forth herein, and any concerns of the Court. Unless provided otherwise in this Stipulation, the Parties will stipulate to final approval of this Stipulation and Settlement. The Order of the District Court entered after the Final Approval Hearing giving final approval of Settlement and finally resolving all related issues including the attorneys' fees and costs awarded to Class Counsel shall constitute the **Final Approval Order** and the Judgment of the Court.

42. The Final Approval Order shall provide that upon the Settlement Effective Date, the Action shall be dismissed with prejudice and without costs (except as provided herein) with the Court retaining jurisdiction over the case for purpose of ensuring compliance with the terms of this Settlement and any order of the Court issued in connection with it.

## NOTICE OF CLASS ACTION SETTLEMENT

43. Within thirty (30) days after entry of the Preliminary Approval Order, Sweet Home shall provide the Claims Administrator with a list, in electronic format, of the names, last known addresses, telephone numbers and last four (4) digits of the Class member's Social security number of all Class Members ("**Class List**") so that the Claims Administrator can engage in the processing and mailing of Notice (as defined in paragraph 15 above) and calculation of the Share Amount.

44. The Claims Administrator will use reasonably available means to verify the accuracy of all Class Member addresses before the initial mailing date to ensure to the extent reasonably practicable that the Notices are sent to all Class Members at the addresses most likely to result in receipt of the Notice. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice. With respect to returned envelopes, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within twenty (20) days of the receipt of the returned envelope. With respect to returned envelopes, the Notice shall be deemed received once it is mailed for the second time.

45. Within thirty (30) days of receipt of the Class List, the Claims Administrator shall send to Class Members by first class mail the Notice in substantially the form of Exhibit "A" attached hereto. On the date of mailing the Notice, the Claims Administrator shall certify in writing to counsel for the Parties that such mailing has been made and the date of such certification shall be the date of first mailing of the Notice to the Class.

46. Any member of the Rule 23 Class who (i) does not timely opt-out of the Rule 23 Class prior to the date set forth in the Notice, which date shall be forty-five (45) days after the postmarked mailing date of the Notice to the Class, shall be a member of the Rule 23 Class and shall, as of the Settlement Effective Date, be deemed to release all claims brought or which could have been brought against the Sweet Home Releasees as described in paragraphs 69 and 70, and

shall be deemed to have waived any right to receive payment in conjunction with the Settlement. Class Members will have forty-five (45) days from the postmarked date of mailing of Notice to exclude themselves from the Rule 23 Class by submitting to the Claims Administrator a signed writing electing to "opt out" of the Rule 23 Class. The Claims Administrator shall promptly deliver to Class Counsel and to Defendants' Counsel a copy of each document submitted by a Class Member opting out of the Rule 23 Class and shall promptly upon expiration of sixty (60) days from the date of first mailing of the Notice deliver a list to Class Counsel and to Defendants' Counsel identifying all individuals who have timely submitted a form opting out of the Rule 23 Class.

47. All fees and costs relating to sending the Notice shall be paid by the Claims Administrator as part of its fees and costs, which will be paid from the Settlement Amount.

48. Class Members will have forty-five (45) days after receipt of the postmarked date of Notice to raise issues relating to improper mathematical computations or factual errors.

49. Any Class Member may appear in person or through counsel at the Final Approval Hearing for the purpose of being heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Judgment dismissing the Action against Defendants, with prejudice should or should not be entered. No Class Member or other person, however, shall be entitled to be heard or to object, and no written objections, briefs or other papers in support of any objection shall be considered by the Court, unless written notice of intent to appear at the Final Approval Hearing, together with a written objection and copies of all briefs or other papers in support thereof shall have been filed with the Court and served, personally or by mail, so as to have been received at least fourteen (14) days prior to the Final Approval Hearing, upon all of the following:

| | |
|---|---|
| Steven E. Angstreich, Esquires | Aliza R. Karetnick, Esquire |
| Amy R. Brandt, Esquire | Sean S. Zabaneh, Esquire |
| Weir & Partners LLP | Duane Morris LLP |
| 1339 Chestnut St. | 30 S. 17th Street |
| Philadelphia, PA 19107 | Philadelphia, PA 19103 |

No person who opts out shall have a right to object. Any Class Member or other person who does not file and serve his or her notice of intent to appear at the Final Approval Hearing and written objections and supporting papers in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections or otherwise being heard in opposition to the Settlement at the Final Approval Hearing.

50. No later than twenty (20) days prior to the Final Approval Hearing, the Claims Administrator will submit to the Parties a final list of Participating Class Members.

## SETTLEMENT FUNDS AND PAYMENT

51. Upon Preliminary Approval of the Settlement, Defendants shall cause to be deposited with the Claims Administrator the sum of $450,000.00, which sum shall be held in a qualified settlement fund as defined by the Internal Revenue Code ("**Escrow Account**"). The fund in part shall be used to cover the cost of Notice and such other fees of the Claims

Administrator to be incurred prior to final approval. In the event the Settlement is not finally approved, all sums remaining in the Escrow Account shall be returned to Defendants.

52. Within twenty (20) days after the Settlement Effective Date, Defendants shall pay the Claims Administrator the sum of $1,175,000.00. Simultaneously, the Claims Administrator shall provide to Defendants the details relating to the employer's share of applicable federal, state and/or local payroll withholding taxes. From the date the Claims Administrator provides Sweet Home with actual notice of the total amount of the employer's share of applicable federal, state and/or local payroll withholding taxes, Sweet Home will have ten (10) days to deposit such additional funds into the Escrow Account.

53. Within forty-five (45) days following the Settlement Effective Date, checks for Settlement Share payments issued to Participating Class Members pursuant to this Stipulation, less applicable taxes and withholdings, shall be issued by the Claims Administrator and shall remain negotiable for a period of one hundred and twenty (120) days from the date of mailing, at which time such checks will be void and a stop-pay notice will be placed. Participating Class Members who fail to negotiate their check(s) in a timely fashion or fail to notify the Claims Administrator that the check has been lost or destroyed so that a replacement check can be issued will be deemed to have waived irrevocably any right in or claim to a Settlement Share, and the amount of any such checks shall revert to Sweet Home, but such Class Members shall remain subject to the terms of the Judgment, including the release of Released Claims contained in paragraphs 69 and 70 below. The Notice shall advise Class members to contact the Claims Administrator should they lose or destroy the check representing their Settlement Share.

54. Within thirty (30) days of the Settlement Effective Date, Class Counsel's approved attorneys' fees and costs shall be paid.

55. The approved fees and costs of the Claims Administrator will be paid from the Settlement Amount. This includes all costs to calculate the Settlement Share and the costs of the mailings described in this Stipulation and other fees reasonably incurred by the Claims Administrator and approved by the Parties. Class Counsel and the Class Representatives acknowledge that Defendants' agreement to pay such fees to the Claims Administrator constitutes consideration to the Class and the Participating Class Members.

## MISCELLANEOUS

56. Subject to the rights to terminate the Settlement as contained herein, the Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement, including such action as necessary to secure court approval thereof and to provide for the proper administration of this Settlement in accordance with the terms of this Stipulation.

57. In connection with the Settlement, the Parties and their counsel shall not specifically mention Defendants by name or describe Defendants with such particularity that they are easily identifiable in any press release, and/or on any website and/or other form of advertising or promotional materials. The Parties and their counsel shall not initiate any contact with the media regarding the terms of this Settlement or the claims or defenses in the Action.

Notwithstanding the foregoing, Class Representatives, Class Counsel and Class Counsel's employees may communicate with Class Members. Defendants may issue a statement to Sweet Home's employees advising that a settlement has been reached subject to Court approval and directing employees to Class Counsel if they have any questions. Any statements to the press or any other media regarding the Settlement will be made only as agreed upon by the Parties.

58. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned or purported to assign to any person or entity any portion of any liability, claim, demand, action, cause of action or right released in this Settlement.

59. Nothing contained in this Settlement shall be construed or deemed an admission of liability or damages on the part of Sweet Home Releasees, all liability or damages are denied. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. This Stipulation is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

60. Any notice required or desired to be given by counsel for one Party to another Party shall be in writing and shall be sent by United States mail and email, addressed as follows:

To the Class Action Representatives and Class Members:

> Steven E. Angstreich, Esquires
> Amy R. Brandt, Esquire
> Weir & Partners LLP
> 1339 Chestnut St.
> Philadelphia, PA 19107
> sangstreich@weirpartners.com
> abrandt@weirpartners.com

To Sweet Home:

> Aliza R. Karetnick, Esquire
> Sean S. Zabaneh, Esquire
> Duane Morris LLP
> 30 S. 17th Street
> Philadelphia, PA 19103
> akaretnick@duanemorris.com
> sszabaneh@duanemorris.com

61. Titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision. Each term of this Settlement is contractual and not merely a recital.

62. This Settlement may not be changed, except by a writing signed by the Parties, and approved by the Court. Following the Settlement Effective Date, this Settlement may not be

discharged except by performance in accordance with its terms or by a writing signed by the Parties.

63. If any deadlines related to this Settlement cannot be met, Class Counsel and Defendants' Counsel shall confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation. In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

64. Each Party shall endeavor to confer with the other Party concerning any disputes relating to this Stipulation and Settlement and their implementation and agree to bring only such disputes to the Court, if necessary, and after ten (10) days written notice to the other Party. The Court will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully performed.

65. This Settlement contains the entire agreement among the Parties relating to the resolution of the Action and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement. Except as otherwise provided herein, no right under this Settlement may be waived except in writing.

66. It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation. The Notice attached hereto as Exhibit "A" will advise all Class Members of the binding nature of the release contained herein.

67. The Parties and their counsel may engage in communications with the Claims Administrator without notice or copies to Class Counsel, Sweet Home, Defendants' Counsel, the Class Representatives, Class Members or the Court.

68. In the event that Defendants' Counsel, Class Counsel or any other person takes the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, the Parties shall meet and confer prior to raising any such issue with the Claims Administrator or the Court.

## RELEASE OF CLAIMS

69. Release of Claims by Members of the Collective Action Class. Upon the Settlement Effective Date, all individuals who join the Action as members of the Collective Action Class shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge all Sweet Home Releasees, and each and all of them, from any and all suits, actions, causes of action, claims, or demands and Unknown Claims (collectively "**Claims**") arising during the Released Period and arising out of, based upon or relating to unpaid wages, overtime pay, interest or liquidated damages or other penalties for unpaid wages, and overtime, of any nature whatsoever, including without limitation, any Claims for violations of federal, state, or local law, and all Claims that were asserted or could have been asserted in the Action.

This release shall be conspicuously included on the Settlement Share check. Cashing of the check shall operate as a release of all claims under the FLSA as if the Class Member had submitted an opt-in form.

70. <u>Release of Claims by Members of the Rule 23 Class.</u> Upon the Settlement Effective Date, all members of the Rule 23 Class shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge all Sweet Home Releasees, and each and all of them, from any and all Claims and Unknown Claims arising during the Released Period and arising out of, based upon or relating to unpaid wages, overtime pay, interest or liquidated damages or other penalties for unpaid wages, and overtime, of any nature whatsoever, including without limitation, any Claims for violations of federal, state, or local law, and all Claims that were asserted or could have been asserted in the Action.

## TERMINATION OF SETTLEMENT

71. In the event that more than 10% of the Class Members exercise their rights to opt out of this Settlement on a timely basis (other than Excluded Persons), Defendants reserve the right to terminate and void this Settlement in its entirety and to resume the Action as though no Stipulation had been executed, delivered or entered into. If Defendants exercise their right to terminate this Settlement, no payments shall be made by Defendants to anyone in connection with the terms of this Stipulation, except for reasonable administrative costs already incurred and properly documented by the Claims Administrator. In the event that this Settlement is terminated and voided pursuant to this paragraph, the Parties and any Class Members or putative class members will bear their own costs and fees with regard to efforts to negotiate the Settlement and to obtain or oppose Court approval thereof, and this Stipulation shall be deemed null and void with no effect on the Action whatsoever. In such event: (a) the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and Class Members or any putative class members and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated *nunc pro tunc*; and (b) to the extent paid by Sweet Home, the Settlement Amount will be repaid to Sweet Home in its entirety, less any administrative costs already incurred and properly documented by the Claims Administrator.

SIGNATURES ON NEXT PAGE

_____
Steven E. Angstreich, Esquire
Amy R. Brandt, Esquire
WEIR & PARTNERS LLP
1339 Chestnut St.
Philadelphia, PA 19107
Tel: 215.665.8181
Fax: 215.665.8464
E-mail: sangstreich@weirpartners.com
E-mail: abrandt@weirpartners.com

_____
Aliza R. Karetnick, Esquire
Sean S. Zabaneh, Esquire
Christopher D. Durham, Esquire
Alyssa W. Kovach, Esquire
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: 215.979.1000
Fax: 215.405.3936
E-mail: akaretnick@duanemorris.com
E-mail: seanszabaneh@duanemorris.com
E-mail: cddurham@duanemorris.com
E-mail: awkovach@duanemorris.com

## LIST OF EXHIBITS

Exhibit A:   Notice of Preliminary Approval of Settlement of Class Action.

Exhibit B:   Notice of Final Settlement Hearing and Hearing Regarding Application for Attorneys' Fees and Costs, and Exclusion and Claims Procedures

EXHIBIT A
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NOTICE OF CLASS ACTION SETTLEMENT

*This Notice was authorized by the United States District Court for the Eastern District of Pennsylvania.*
**This is not a solicitation from a lawyer.**

### WHY HAVE I RECEIVED THIS NOTICE?

The purpose of this Notice is to inform you of the Settlement of a Lawsuit against Sweet Home Healthcare, LLC and/or Sweet Home Primary Care, LLC, Tekia Emerson and Darrell Ezell (collectively "Sweet Home") which has been conditionally certified as a Collective Action under the federal Fair Labor Standards Act ("FLSA"), and certified as a Class Action pursuant to the Pennsylvania Minimum Wage Act ("PMWA") on behalf of all individuals employed by the Sweet Home as a Home Health Aide or Direct Care Worker ("Workers") in Pennsylvania from May 13, 2013 until the present.. This Notice explains your right to receive a monetary payment ("Settlement Award"), exclude yourself ("Opt-Out") from the Settlement or to object to the Settlement. The United States District Court for the Eastern District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2018 at 9:30 a.m., before the Honorable Berle M. Schiller, in Courtroom ___, 601 Market Street, Philadelphia, PA 19106.

### WHAT IS THE LAWSUIT ABOUT?

A Lawsuit has been filed in the United States District Court for the Eastern District of Pennsylvania, captioned *Williams, et al. v. Sweet Home Healthcare LLC, et al.*, Civil Action No. 16-cv-02353 (BMS). The Lawsuit claims that Sweet Home, as well as Tekia Emerson and Daryl Ezell personally, failed to pay overtime wages to workers in Pennsylvania in weeks in which they worked more than 40 hours. The Lawsuit seeks, among other things, to recover overtime pay under the federal FLSA and state PMWA statutes. Sweet Home denies the claims asserted by Plaintiffs.

### WHAT IS THE STATUS OF THE CASE?

Sweet Home has agreed to pay One Million Six Hundred and Twenty-Five Thousand ($1,625,000) to settle this Lawsuit. Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs for the Claims Administrator not to exceed $22,000.00, and a service award in the amount of $6,000 each to the Named Plaintiffs, Lawrence G. Harris and Tina Williams, for their service to the Class ("Net Settlement Fund"). The remaining amount will be divided among Participating Class Members who do not exclude themselves by opting out of the Settlement. If the Court grants final approval of this Settlement, you will automatically receive a Settlement Award Check in the mail unless you exclude yourself from the Settlement.

### WHO CAN PARTICIPATE IN THE CASE?

You can participate if you are a member of the Settlement Class, which includes persons who were employed by Sweet Home in the position of Home Health Aide or Direct Care Worker in Pennsylvania at any time from May 13, 2013 until the present who (1) worked over 40 hours in one or more workweeks without receiving 1.5 times your regular rate of pay for hours worked over 40 in a workweek; and/or (2) whose hourly rate of pay was allegedly reduced by operation of a compensation plan following a period of service or employment without a compensation plan.

### HOW MUCH CAN I EXPECT TO RECEIVE?

If you are a member of the Settlement Class and do not exclude yourself from the Settlement, then you will **automatically** receive a Settlement Award Check if the Court grants final approval of the Settlement.

Your damages have been calculated using Sweet Home's payroll records. If you do not exclude yourself, and the Court grants final approval of the Settlement, you will receive a Settlement Award in the amount of [insert individual amount] representing your *pro rata* share of the Net Settlement Fund. The Claims Administrator will deduct any

applicable employee payroll taxes and withholdings from the Settlement Award as set forth in the Settlement Agreement. You may contact the Claims Administrator with any questions about your Settlement Award:

RG/2 Claims Administration LLC, 30 S. 17th St., Floor 5, Philadelphia, PA 19103; 866-742-4955; email info@rg2claims.com.

If you believe that there is an issue relating to an improper mathematical computation or if you believe the amount of your Award is incorrect, you must contact the Claims Administrator within forty-five (45) days of the postmarked date of this Notice.

If the proposed Settlement is approved by the Court at the Final Approval Hearing, the Claims Administrator will issue to you your Settlement Award Check. You will have 120 days to cash your Settlement Award Check. If you do not cash your check within the 120 days, any unclaimed amounts will be returned to the Sweet Home Defendants, subject to the Court's approval.

It is your responsibility to keep a current address on file with Class Counsel or the Claims Administrator to ensure receipt of your Settlement Award Check. If you change your address after receipt of this Notice, please be sure to contact Class Counsel or the Claims Administrator.

## WHAT ARE MY RIGHTS?

If you are a member of the Settlement Class and do not wish to be bound by the Settlement, and do not wish to receive a payment, you must submit a written exclusion from the Settlement ("Opt-Out"). If you want to Opt-Out of the Settlement, your Opt-Out notice must include your name, your address and it must be signed by you and mailed/emailed to the Claims Administrator. Your signed Opt-Out notice must be postmarked, emailed or faxed no later than 45 days from the postmarked date of this Notice or you will be bound by the Settlement. Any person who requests exclusion (Opts-Out) of the Settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.

If you received this Notice and wish to Object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the Settlement. Your objection must state your full name, address, telephone number, and email address, and must be signed by you and be filed with the Court and served, personally or by mail, so as to be received at least fourteen (14) days prior to the Final Approval Hearing, upon the following:

Steven E. Angstreich, Esquires
Amy R. Brandt, Esquire
Weir & Partners LLP
1339 Chestnut St.
Philadelphia, PA 19107

Aliza R. Karetnick, Esquire
Sean S. Zabaneh, Esquire
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to Class Counsel and Sweet Home's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.

If the proposed Settlement is approved by the Court at the Final Approval Hearing, and you do not exclude yourself from the Settlement, the Court will enter an Order that will release all of your Federal and Pennsylvania wage claims for nonpayment of overtime against all of the Defendants for any time you worked between May 13, 2013 and the present.

## NO RETALIATION ALLOWED

If you choose to participate in this Settlement, the federal FLSA prohibits Sweet Home from discriminating or retaliating against you because you chose to take part in this Lawsuit and/or Settlement. In fact, Sweet Home encourages you to participate in the Settlement and cash your Settlement Award Check.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you do not Opt-Out of the Settlement, you will be represented by Class Counsel, Steven E. Angstreich and Amy R. Brandt of Weir & Partners LLP. The attorneys' fee arrangement for this case provides that Class Counsel is handling this matter on a contingency basis, *i.e.*, that the attorneys' fees will be determined as a percentage of the gross settlement amount of $1,625,000. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount plus their out-out-pocket costs, which are presently $_____. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

If you have any questions, you can call Class Counsel at Weir & Partners LLP at 215-665-8181 or the Claims Administrator at _____.

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS NOTICE OR THIS LAWSUIT.**

## SETTLEMENT AWARD CHECK

TO:   [Class Member Name]
      [Address]
      [Address]
      [Last Four Digits of social security number]

     You have previously received a notice that you had been identified as a Class Member who is eligible to receive a Settlement Award in this case. On _____, the United States District Court for the Eastern District of Pennsylvania approved the Settlement in this case.

     Your Settlement Award Check is enclosed. Please note that your check will automatically expire on _____. Therefore, please remember to cash or deposit your check as soon as possible.